1
2
3
4
5
6
7

**KASOWITZ BENSON TORRES LLP**
DANIEL A. SAUNDERS (SBN 161051)
DSaunders@Kasowitz.com
2029 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone: (424) 288-7900
Facsimile: (424) 288-7901

*Attorneys for Defendant*
*Gale "Tiger" Shaw III*

8
9
10

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROSEY FLETCHER, ERIN O'MALLEY, AND CALLAN CHYTHLOOK-SIFSOF,

          Plaintiffs,

   v.

PETER FOLEY, GALE "TIGER" SHAW III, UNITED STATES SKI & SNOWBOARD, AND UNITED STATES OLYMPIC AND PARALYMPIC COMMITTEE,

          Defendants.

Case No. 2:23-cv-00803-SPG(JPRx)

**DEFENDANT GALE "TIGER" SHAW III'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*[Declaration of Gale "Tiger" Shaw III, Defendants' Request for Judicial Notice, Notice of Joinder in United States Ski & Snowboard's Motion to Dismiss, and Proposed Order Submitted Concurrently Herewith]*

Judge:   Hon. Sherilyn Peace Garnett
Date:    July 19, 2023
Time:   1:30 p.m.
Courtroom:   5C
Trial Date:   Not yet set

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 19, 2023, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 5C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Gale "Tiger" Shaw III ("Shaw") will, and hereby does, move the Court for an Order dismissing Plaintiffs Rosey Fletcher, Erin O'Malley, and Callan Chythlook-Sifsof's (collectively, "Plaintiffs") Complaint against Shaw in its entirety and with prejudice.  This Motion is made pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that this Court lacks personal jurisdiction over Shaw and the Complaint fails to state a claim upon which relief can be granted.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 that took place on April 17, 2023.  The parties thoroughly discussed the substance of this Motion by videoconference.

The Motion is based on this Notice, the Memorandum of Points and Authorities attached hereto, Defendants' Request for Judicial Notice, the Notice of Joinder in United States Ski & Snowboard's Motion to Dismiss, the Declaration of Gale "Tiger" Shaw III, the complete Court files and records in this action, and all matters that may be properly considered by the Court at the hearing on this Motion.

Dated:  April 24, 2023                    KASOWITZ BENSON TORRES LLP


                                          By:*/s/ Daniel A. Saunders*
                                             Daniel A. Saunders

                                          *Attorneys for Defendant*
                                          *Gale "Tiger" Shaw III*

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    INTRODUCTION ...................................................................................... 1

II.   BACKGROUND ...................................................................................... 2

III.  ARGUMENT ........................................................................................... 5

    A.    The Complaint Should Be Dismissed for Lack of
          Personal Jurisdiction ................................................................ 5

         1.   Legal Standard ............................................................... 5

         2.   This Court Lacks Specific Jurisdiction Over Shaw .................... 7

                a.   Shaw Neither Purposefully Directed Activities
                       to California Nor Purposefully Availed Himself
                       of the Privilege of Conducting Business in
                       California .............................................................. 9

                       (1)   Shaw Did Not Purposefully Direct Activities
                               Toward California ................................................ 9

                       (2)   Shaw Did Not Purposefully Avail Himself
                                 of the Privilege of Conducting
                               Business in California ......................................... 12

                b.   Plaintiffs' Claims Do Not "Arise Out of" or "Relate to"
                       Shaw's Contacts with California .................................... 13

                  c.   The Exercise of Jurisdiction Over Shaw Would Be
                       Unreasonable ................................................................ 14

    B.    Even If Shaw is Subject to Personal Jurisdiction, the Complaint
          Should Be Dismissed for Failure to State a Claim ............................. 16

         1.   Legal Standard ............................................................... 16

          2.   Plaintiffs Fail to State a Claim Against Shaw for RICO .......... 17

          3.   Plaintiffs Fail to State a Claim Against Shaw for
              Negligent Supervision or Retention ........................................ 21

i

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

          a.     Shaw Was Not Foley's Employer and Thus
Cannot Be Liable For Negligent Supervision
or Retention ...................................................21

          b.     Even if Shaw Owed a Duty to Plaintiffs, Plaintiffs
Do Not and Cannot Allege a Causal Connection
Between Shaw's Acts or Omissions and Their
Alleged Injuries ..............................................22

    4.    Plaintiffs Fail to State a Claim Against Shaw for
Sex Trafficking Conspiracy .......................................23

IV.    CONCLUSION ............................................................24

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

ii
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. Hilton Worldwide Holdings Inc.*,
484 F. Supp. 3d 921 (D. Or. 2020) ....................................................................... 9

*Acosta v. Tundra Strategies, Inc.*,
No. 12-cv-05903, 2013 WL 12134184 (C.D. Cal. Mar. 25, 2013) ................... 11

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ............................................................................. 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................... 17

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2018) ........................................................... 7, 9, 10, 12

*Ballard v. Savage*,
65 F.3d 1495 (9th Cir. 1995) ......................................................................... 12, 13

*Barantsevich v. VTB Bank*,
954 F. Supp. 2d 972 (C.D. Cal. 2013) ................................................................. 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................... 16

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
582 U.S. 255 (2017) ........................................................................................... 13

*Calder v. Jones*,
465 U.S. 783 (1984) .....................................................................................*passim*

*Churchill Media LLC v. Moon Broadcasting Prosser, LLC*,
No. 08-cv-06330, 2009 WL 2424080 (D. Or. Aug. 5, 2009) ........................... 15

*Core-Vent Corp. v. Nobel Industries AB*,
11 F.3d 1482 (9th Cir. 1993) ............................................................................. 15

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ............................................................................................. 6

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

*Delfino v. Agilent Tech., Inc.*,
  145 Cal. App. 4th 790 (2006).............................................................23

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001), *abrogated on other grounds by*
  *Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017).......................5

*Fields v. Sedgwick Associated Risks, Ltd.*,
  796 F.2d 299 (9th Cir. 1986)..........................................................6, 7

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
  141 S. Ct. 1017 (2021)...............................................................7, 14

*In re GlenFed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994), *superseded by statute on other*
  *grounds as stated in Openwave Messaging, Inc. v. Open-Xchange,*
  *Inc.*, No. 16-cv-00253, 2016 WL 6393503 (N.D. Cal. Oct. 28,
  2016).............................................................................19, 20

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011).....................................................................7

*Gunn v. Wild*,
  771 F. App'x 392 (9th Cir. 2019)........................................................12

*Hall v. Dimon*,
  No. 16-cv-06907, 2016 WL 10648707 (C.D. Cal. Nov. 16, 2016)............................11

*Hemi Grp., LLC v. City of N.Y.*,
  559 U.S. 1 (2010)....................................................................20, 21

*High-Bassalik v. Al Jazeera Am*,
  No. 15-cv-04427, 2015 WL 9695227 (C.D. Cal. Nov. 2, 2015)..............................14

*Hill v. Opus Corp.*,
  841 F. Supp. 2d 1070 (C.D. Cal. 2011)..................................................20

*Howard v. Am. Online Inc.*,
  208 F.3d 741 (9th Cir. 2000)..........................................................18

*J.A.A. v. Rawlings Co.*,
  No. 19-cv-01036, 2019 WL 5889082
  (W.D. Wash. Nov. 12, 2019)...................................................9, 10, 11, 12

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

iv
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*Jensen v. Gale*,
   No. 13-cv-00030, 2014 WL 7246948 (D. Utah Dec. 18, 2014) ........................ 22

*Lee v. Delta Air Lines Inc.*,
   No. 20-cv-08754, 2021 WL 4527955 (C.D. Cal. Aug. 23, 2021)..................... 21

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) ........................................................................ 17

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989) .......................................................................... 18

*Morrill v. Scott Fin. Corp.*,
   873 F.3d 1136 (9th Cir. 2017)............................................................. 10, 11, 13

*Newman v. Figgins*,
   No. 21-cv-03439, 2021 WL 5927873 (C.D. Cal. Sept. 23, 2021) ..................... 7

*Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*,
   790 F. Supp. 2d 1134 (C.D. Cal. 2011)........................................................... 20

*Odom v. Microsoft Corp.*,
   486 F.3d 541 (9th Cir. 2007) (*en banc*)........................................................... 17

*Page v. Minn. Life Ins. Co.*,
   No. 18-cv-01208, 2019 WL 3059561 (C.D. Cal. Mar. 11, 2019)....................... 9

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015)...................................................................*passim*

*Prime Partners IPA of Temecula, Inc. v. Chaudhuri*,
   No. 11-cv-01860, 2012 WL 1669726 (C.D. Cal. May 14, 2012) ............... 20, 21

*Rain Design, Inc. v. Spinido, Inc.*,
   No. 17-cv-03681, 2018 WL 4904894 (N.D. Cal. Oct. 9, 2018) ......................... 6

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015)........................................................................... 6

*Richards v. Cty. of L.A.*,
   No. 17-cv-00400, 2017 WL 7411159 (C.D. Cal. Mar. 31, 2017)..................... 18

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004)....................................................................*passim*

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

v

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*,
 733 F.3d 1251 (9th Cir. 2013) ............................................................. 17

*Skye Orthobiologics, LLC v. CMC Biomedical, LLC*,
 No. 20-cv-03444, 2021 WL 6102520 (C.D. Cal. Feb. 9, 2021) ...................... 16

*Somers v. Apple, Inc.*,
 729 F.3d 953 (9th Cir. 2013) ............................................................... 17

*Swartz v. KMPG LLP*,
 476 F.3d 756 (9th Cir. 2007) ...................................................... 5, 6, 18

*Taylor v. Portland Paramount Corp.*,
 383 F.2d 634 (9th Cir. 1967) ................................................................. 5

*Taylor v. Ron's Liquors Inc.*,
 No. 10-cv-00694, 2010 WL 4010140 (N.D. Cal. Oct. 13, 2010) ..................... 21

*Uniloc 2017 LLC v. H&R Block, Inc.*,
 No. 19-cv-01149, 2019 WL 8219781 (C.D. Cal. Dec. 23, 2019) ............... 14, 16

*United States v. Marcus*,
 487 F. Supp. 2d 289 (E.D.N.Y. 2007), *vacated on other grounds*,
 538 F.3d 97 (2d Cir. 2008), *rev'd*, 560 U.S. 258 (2010), *and aff'd in*
 *part, vacated in part,* 628 F.3d 36 (2d Cir. 2010) ............................... 23

*United States v. Miller*,
 953 F.3d 1095 (9th Cir. 2020) ............................................................. 20

*Vega v. Ocwen Fin. Corp.*,
 No. 14-cv-04408, 2015 WL 1383241 (C.D. Cal. Mar. 24, 2015) ...................... 20

*Walden v. Fiore*,
 571 U.S. 277 (2014) ........................................................................ 10

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
 865 F. Supp. 2d 1002 (C.D. Cal. 2011) ................................................... 19

*Z.V. v. Cty. of Riverside*,
 238 Cal. App. 4th 889 (2015) .............................................................. 22

**Statutes**

18 U.S.C. § 1590 ............................................................................. 18

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

vi
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

18 U.S.C. § 1591 ............................................................................................. 18

18 U.S.C. § 1594(c) ....................................................................................... 23

18 U.S.C. § 1595(a) ....................................................................................... 23

18 U.S.C. § 1961 ................................................................................... 4, 17, 18

18 U.S.C. § 1961(1) ................................................................................. 17, 18

18 U.S.C. § 1961(1)(B) ............................................................................ 17, 18

18 U.S.C. § 1961(5) ................................................................................. 17, 18

18 U.S.C. § 1962(c) ......................................................................................... 17

18 U.S.C. § 2421 ............................................................................................. 19

36 U.S.C. § 220541 ........................................................................................... 3

Cal. Civ. Proc. Code § 410.10 ........................................................................... 6

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ........................................................ 18, 20

Federal Rule of Civil Procedure 12(b)(2) ................................................... 1, 5

Federal Rule of Civil Procedure 12(b)(6) ............................................ 2, 16, 17

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

## I.   **INTRODUCTION**

Gale "Tiger" Shaw III ("Shaw") is a citizen of Utah and a former Chief Executive Officer ("CEO") of United States Ski & Snowboard ("USSS"), also based in Utah.  He is inexplicably named in this District as a defendant in two related lawsuits (this action and *Lindsey Nikola v. Peter Foley, et al.*, No. 2:23-cv-00811-SPG(JPRx)) that arise out of misconduct allegedly committed by former USSS head coach Peter Foley ("Foley") and others ***eight to nineteen years before Shaw even began his employment with USSS***.  Shaw simply has no connection either to this jurisdiction or to the alleged facts that caused injury to Plaintiffs Rosey Fletcher ("Fletcher"), Erin O'Malley ("O'Malley"), or Callan Chythlook-Sifsof ("Chythlook-Sifsof," and together with Fletcher and O'Malley, "Plaintiffs"), and he should be dismissed from this case at the outset.

*First*, Shaw, who does not live and has never lived in California, is not subject to personal jurisdiction in this District.  Whatever minimal and fleeting contacts Shaw has had with California have nothing do with Plaintiffs' claims, which do not concern California in any way.  Plaintiffs allege that Shaw resides in ***Utah*** and worked for USSS in ***Utah***, defendant USSS is based in ***Utah***, defendant United States Olympic and Paralympic Committee ("USOPC") is based in ***Colorado***, defendant Foley resides in ***Oregon***, two of the Plaintiffs reside in ***Alaska***, and although O'Malley resides in California, she does not allege that she was assaulted in California.  Indeed, other than a conclusory jurisdictional allegation, the statement of O'Malley's residence, and citations to the California statutes of which Plaintiffs seek to avail themselves, the entire Complaint does not include a single mention of California.  Accordingly, Shaw cannot, consistent with due process, be haled into court in California, and he should be dismissed from this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

*Second*, even if Shaw were subject to personal jurisdiction in California (and

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

1
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

he is not), none of the three purported causes of action in which he is named—RICO, negligent supervision and retention, and sex trafficking conspiracy, all of which are purportedly based on Shaw's role as an officer of USSS—pleads facts sufficient to state a claim against him.  Among numerous other fatal flaws, Plaintiffs cannot plausibly allege that Shaw's conduct proximately caused their injuries—an essential element of each of their purported causes of action against him—given that the most recent of the alleged assaults suffered by Plaintiffs occurred no later than *2005*, and Shaw did not even begin working for USSS until *2013*.  Because the allegations of the Complaint make clear that no amendment can save Plaintiffs' claims against Shaw, those claims should be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  **BACKGROUND**

Defendant USSS is the national governing body for competitive skiing and snowboarding.  (Complaint ("Compl.") ¶ 26.)  Defendant Foley was named head coach of the United States Snowboard Team in 1994.  (*Id.* ¶ 27.)  Shaw joined USSS as its Chief Operations Officer in 2013, and served as its President and CEO from March 2014 to March 2022.[1]  (*Id.* ¶ 126.)

Although the Complaint is (presumably intentionally) vague as to the dates and locations of the alleged assaults, based on the Complaint and records of which the Court may take judicial notice, Fletcher's alleged assault occurred in 1994 or 1995; O'Malley's alleged assault occurred no later than 2003; and Chythlook-Sifsof's alleged assault (which was not by Foley or anyone else associated with USSS) occurred in 2005.  (*See* USSS's Motion to Dismiss at Sections II.B.1-3; Defendants' Request for Judicial Notice.)  Thus, *all of the alleged assaults took*

---

[1] Although the allegations of the Complaint are accepted as true for purposes of this Motion, Shaw in fact ended his term as CEO and his employment with USSS in October 2021.  (Declaration of Gale "Tiger" Shaw III ("Shaw Decl.") ¶¶ 3, 5.)  The discrepancy is not significant to this Motion.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

2
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*place between eight and nineteen years before Shaw joined USSS.*[2]  Fletcher and

O'Malley first reported their alleged assaults in March 2022 (Compl. ¶¶ 93, 141,

147);  Chythlook-Sifsof does not allege that she reported her alleged assault at any

time prior to filing of the Complaint.

In the *only* non-conclusory allegation regarding Shaw found in the entire

Complaint, Plaintiffs allege that Chythlook-Sifsof "made formal complaints to

Shaw that she had personal knowledge of multiple counts of Foley's misconduct."

(*Id.* ¶ 138.)  The Complaint alleges that Shaw had reporting obligations under the

SafeSport Act and SafeSport Code, yet "failed to take action to protect young

athletes," "refused to instruct Plaintiffs on how to report to SafeSport," and "never

sanctioned Foley, implemented *any* new procedures for co-ed traveling, or even

encouraged other athletes that the USSS took sexual misconduct and safety

seriously."  (*Id.* (emphasis in original).)[3]  There are no allegations in the Complaint

---

[2] Even absent the Court's judicial notice of records of the International Ski and
Snowboard Federation, the Complaint's allegations alone make clear that all of the
alleged assaults occurred years before Shaw joined USSS.  Fletcher, who competed
in the 1998, 2002, and 2006 Winter Olympics, alleges that Foley sexually assaulted
her at a training camp when she was 19 years old, and that Foley made reference in
2006 to that assault.  (Compl. ¶¶ 29, 60, 65, 70.)  O'Malley alleges that she
competed from 1995 until 2003, and that Foley "groped" her in an elevator after a
competition.  (*Id.* ¶¶ 78, 85-89.)  Chythlook-Sifsof alleges that she began competing
when she was 14 years old, that she competed from 2005 to 2014, and that she was
assaulted by a male coach of an opposing team at the 2005 Junior World
Championship in Zermatt, Switzerland.  (*Id.* ¶¶ 97, 108-09.)  Taking these
allegations together, the alleged assault of Fletcher by Foley occurred no later than
2006; the alleged assault of O'Malley by Foley occurred no later than 2003; and the
alleged assault of Chythlook-Sifsof by a non-party to this action occurred no later
than 2005.

[3] The Complaint does not state when this alleged conversation between Shaw and
Chythlook-Sifsof took place.  However, because Shaw could not have had reporting
obligations under the SafeSport Act before that legislation was enacted on February
14, 2018, the alleged conversation necessarily took place no earlier than that date.
*See* 36 U.S.C. § 220541; Compl. ¶¶ 131, 134.  Shaw recalls a conversation with
Chythlook-Sifsof about SafeSport in approximately March 2018.  (Shaw Decl. ¶ 9.)

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

3
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

that Shaw ever met or spoke to Fletcher or O'Malley, let alone that he knew anything about Foley's alleged conduct against either of them prior to their reporting in March 2022.  (*Id*. ¶ 93, 141, 147.)  Indeed, the entire 100-paragraph "Factual Background" section of the Complaint dealing with Plaintiffs' allegations of sexual assault does not mention Shaw even once.  (*See generally id.* ¶¶ 25-124.)

Elsewhere, the Complaint conclusorily alleges that Shaw "became aware that Foley was pressuring young female athletes to take nude and sexually suggestive photos,"[4] but, in what the Complaint describes as a "history of inaction," failed to "meet his reporting obligations," to "use reasonable care in investigating Foley," to "take reasonable steps to ensure the safety of minors and young women, including Plaintiffs, from sexual harassment, molestation, and abuse," or to "implement[] or [seek] to create a reasonable system of reporting abuse allegations or mechanisms for coaches and staff to prevent pre-sexual grooming, sexual harassment, molestation and abuse of children and young adults."  (*Id.* ¶ 165; *see also id.* ¶¶ 129-30 (conclusorily alleging that Shaw, USSS, and USOPC "enabled Foley's exploitation and abuse" and "knew about the unlawful behavior yet failed to fulfill their duties to keep athletes safe").)  Consistent with the allegations about Chythlook-Sifsof's reporting to Shaw in paragraph 138, all of these allegations focus on things that Shaw purportedly *did not* do, rather than any affirmative acts he undertook.

The few remaining references to Shaw in the Complaint are all boilerplate conclusory statements that lump him in with other defendants without any factual basis for doing so.  (*See*, *e.g.*, *id.* ¶ 161 (alleging that Foley, USSS, USOPC, and Shaw "comprised the Foley Sexual Abuse and Cover Up Enterprise within the meaning of RICO, 18 U.S.C. 1961(4)"); *id.* ¶ 185 (naming Shaw as a "Foley Sexual Abuse and Cover Up Enterprise Participant[]"); *id.* ¶ 344 (alleging that "[t]he USSS, the USOPC, and Shaw knew or should have known not only that Foley was

---

[4] Foley is not alleged to have photographed any of the Plaintiffs.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

4

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

unfit or incompetent to work directly with women and posed a particular risk of sexually harassing, assaulting, and or mentally abusing them, but also that this unfitness created a particular risk to Plaintiffs"); *id.* ¶ 346 (alleging that "[t]he USSS, the USOPC, and Shaw knew or should have known that Foley had previously engaged and was continuing to engage in unlawful sexual conduct with athletes, and had committed felonies, for his own personal sexual gratification"); *id.* ¶ 347 (alleging that "[t]he USSS, the USOPC, and Shaw knew or should have known that it was foreseeable that Foley was engaging, or would engage in illicit sexual activities with Plaintiffs and others under the cloak of the authority, confidence, and trust, bestowed upon him through the USSS, the USOPC, and Shaw").)  The Complaint does not suggest how Shaw knew or should have known that Foley posed "a particular risk to Plaintiffs" or "would engage in illicit sexual activities with Plaintiffs" when all of those alleged activities occurred several years before Shaw joined USSS.

## III.  ARGUMENT

### A.  The Complaint Should Be Dismissed for Lack of Personal Jurisdiction

#### 1.  Legal Standard

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  In determining whether jurisdiction exists, the court may consider evidence introduced by declaration or affidavit. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017).  "[M]ere allegations of the complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction of a nonresident defendant." *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967).  Moreover, "mere 'bare bones' assertions of minimum contacts

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

5
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KMPG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (citations omitted); *see Rain Design, Inc. v. Spinido, Inc.*, No. 17-cv-03681, 2018 WL 4904894, *2 (N.D. Cal. Oct. 9, 2018) ("[C]onclusory allegations are not sufficient to demonstrate that the Court has personal jurisdiction over Defendants.").

"Personal jurisdiction over [a nonresident] defendant is proper where permitted by a long-arm statute and where the exercise of jurisdiction does not violate federal due process." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020). Where "no applicable federal statute govern[s] personal jurisdiction, the district court applies the law of the state in which the court sits." *Schwarzenegger*, 374 F.3d at 800. "Because 'California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution,' [the court's] inquiry centers on whether exercising jurisdiction comports with due process." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)); *see* Cal. Civ. Proc. Code § 410.10. As a result, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 801.

Due process requires that a nonresident defendant "have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1068 (9th Cir. 2015) (citations omitted). General jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State," *Daimler AG*, 571 U.S. at 139 (internal quotations and citation omitted), and "enables a court to hear cases unrelated to the defendant's

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

6
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

forum activities," *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).  By contrast, specific jurisdiction exists where the defendant "take[s] some act by which [he] purposefully avails [himself] of the privilege of conducting activities within the forum State" ***and*** the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum."  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021) (internal quotations and citations omitted).

Here, Plaintiffs make no jurisdictional allegations specific to Shaw, but rather lump him in as part of the conclusory assertion—unsupported as to Shaw by a single factual allegation in the 61-page Complaint—that "[t]his Court has personal jurisdiction over all Defendants because they have purposefully availed themselves of the privilege of doing business in California and this lawsuit arises out of and relates to their contacts with California." (Compl. ¶ 22.)  Plaintiffs thus invoke only specific jurisdiction as to Shaw.[5]

2. <u>This Court Lacks Specific Jurisdiction Over Shaw</u>

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2018) (internal quotations and citation omitted).  "Specifically, 'the defendant's suit-related conduct must create a substantial connection with the forum State.'" *Id.* (internal quotations and citation omitted).  The Ninth Circuit

---

[5] Nor could Plaintiffs possibly invoke general jurisdiction over Shaw.  The "paradigm forum" for general jurisdiction over an individual is "the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  Thus, "[b]ecause [Shaw] is an individual, this Court could only exercise general jurisdiction over [him] if he were domiciled in California." *Newman v. Figgins*, No. 21-cv-03439, 2021 WL 5927873, *2 (C.D. Cal. Sept. 23, 2021) (holding that court lacked general jurisdiction over individual defendant not domiciled in California).  Here, it is undisputed that Shaw "resides and is domiciled in Utah." (Compl. ¶ 18; *see also* Shaw Decl. ¶ 3.)

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

7

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

"employ[s] a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Picot*, 780 F.3d at 1211.  "The plaintiff bears the burden of satisfying the first two prongs of the test.  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.  If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (internal quotations and citation omitted).

Here, Plaintiffs cannot possibly satisfy the first two prongs and, even if the Court were to find that the first two prongs are satisfied, the exercise of jurisdiction over Shaw would not be reasonable.[6]

_____

[6]  Importantly, even if the Court were to determine that Shaw's employer, USSS, has sufficient jurisdictional contacts with California to subject it to personal jurisdiction (and, as set forth in USSS's Motion to Dismiss, it does not), such contacts would be insufficient to grant personal jurisdiction over Shaw.  *See Calder v. Jones*, 465 U.S. 783, 790 (1984) ("[Employees] are correct that their contacts with California are not to be judged according to their employer's activities there. . . .  Each defendant's contacts with the forum State must be assessed individually.").  Similarly, consistent with the individualized inquiry required by *Calder*, any attempt to assert jurisdiction over Shaw based on the alleged sex trafficking or RICO conspiracy with the other defendants must fail, as the Ninth

1

2

a.    Shaw Neither Purposefully Directed Activities to California Nor Purposefully Availed Himself of the Privilege of Conducting Business in California

3

4

Under the first prong of the three-part test, Plaintiffs must establish that Shaw

5

either purposefully directed his activities toward California or availed himself of the

6

privilege of conducting business in California.  *Schwarzenegger*, 374 F.3d at 802.

7

Although the phrase "purposeful availment" is often used in shorthand fashion to

8

include both purposeful availment and purposeful direction, availment and direction

9

are two distinct concepts.  *Id*.  A purposeful availment analysis is "most often used

10

in suits sounding in contract," while a purposeful direction analysis is "most often

11

used in suits sounding in tort."  *Id*.  Because the lawsuit and claims asserted against

12

Shaw sound in tort, notwithstanding Plaintiffs' invocation of the conclusory phrase

13

"purposeful avail[ment]" (Compl. ¶ 18), a purposeful direction analysis is

14

warranted.  *See Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 991 (C.D. Cal.

15

2013) (applying purposeful direction analysis to RICO claim); *A.B. Hilton

16

Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 933 (D. Or. 2020) (applying

17

purposeful direction analysis to sex trafficking claim); *J.A.A. v. Rawlings Co.*, No.

18

19-cv-01036, 2019 WL 5889082, *3 (W.D. Wash. Nov. 12, 2019) (applying

19

purposeful direction analysis to negligent training and supervision claim).  Even

20

were the Court to apply a purposeful availment analysis, however, Plaintiffs cannot

21

satisfy the first prong of the three-part test.

22

(1)    Shaw Did Not Purposefully Direct Activities Toward California

23

24

To show that a defendant purposefully directed his activities toward a forum

25

State, a plaintiff must satisfy "the 'effects' test" derived from *Calder*, 465 U.S. at

26

789-90, by establishing that the defendant "'(1) committed an intentional act,

27

Circuit does not endorse a "conspiracy theory of jurisdiction."  *Page v. Minn. Life

28

Ins. Co.*, No. 18-cv-01208, 2019 WL 3059561, *5 (C.D. Cal. Mar. 11, 2019) (internal quotations and citation omitted).

9

(2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Axiom Foods*, 874 F.3d at 1069 (citation omitted); *see also Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum."). "[T]he potential foreseeability of some incidental harm to Plaintiffs in [the forum State] . . . without more, does not show that Defendants expressly targeted the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1145 (9th Cir. 2017).

Plaintiffs clearly cannot satisfy this test. First, the Complaint does not even allege a single intentional act taken by Shaw. Rather, the allegations against Shaw all focus on what the Complaint calls a "history of ***inaction***," including that Shaw "*failed* to meet his reporting obligations"; "*refused* to instruct Callan [Chythlook-Sifsof] or victims of his abuse on how to report to SafeSport"; "*failed* to take action to protect young athletes," "*failed* to use reasonable care in investigating Foley," and "*never* implemented or sought to create a reasonable system of reporting abuse allegations." (Compl. ¶¶ 138, 165 (emphasis added).) Further, because the Complaint does not plead any intentional act by Shaw (whether directed at California or elsewhere), it does not and cannot plead that he "expressly targeted the forum state," *Morrill*, 873 F.3d at 1144-45, and thus it fails the first two prongs of the *Calder* test.

*J.A.A.*, 2019 WL 5889082, is on point. There, a plaintiff sued in Washington, alleging that the defendant Rawlings' failure to properly train and supervise its employee Ray proximately caused the plaintiff's injury. Analyzing the first two parts of the purposeful direction analysis, the court concluded: "Rawlings's training and supervising of Mr. Ray was not an intentional act expressly aimed at the forum state because it was a negligent act occurring in Kentucky. Lacking an intentional act purposefully directed at the State of

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

10

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

Washington, Plaintiff has failed to establish personal jurisdiction in this Court." *Id.* at *4; *see also Acosta v. Tundra Strategies, Inc.*, No. 12-cv-05903, 2013 WL 12134184, *3 (C.D. Cal. Mar. 25, 2013) ("Plaintiffs allege, with regard to each of their four causes of action, that Defendants acted with negligence or gross negligence. Allegations of negligence negate the express aiming analysis which requires the defendant . . . to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.") (internal quotations and citation omitted). Here, as in *J.A.A.* and *Acosta*, Plaintiffs cannot satisfy the "intentional act" or "express aiming" requirements because they allege at most only that Shaw engaged in "untargeted negligence." *Calder*, 465 U.S. at 790.

Because Plaintiffs fail to meet their burden on the first two parts, the Court need not even consider the third part of the *Calder* effects test, which requires that Shaw's intentional acts caused harm that he knew was likely to be suffered in California. *See Schwarzenegger*, 374 F.3d at 807 n.1. But it is there that the utter frivolousness of Plaintiff's claim of personal jurisdiction as to Shaw perhaps becomes most clear. Not only could Shaw—who began work for USSS **at least eight years after the most recent alleged act of abuse against Plaintiffs**—not possibly have foreseen that Plaintiffs would suffer harm in California as a result of his actions (or, more accurately, inactions), but **Plaintiffs do not even allege that they were harmed in California** (*see* Compl. ¶¶ 60-124). That fact, in and of itself, is fatal to a purposeful direction analysis. *See Morrill*, 873 F.3d at 1144 ("Harm suffered in the forum state is a necessary element in establishing purposeful direction.").[7]

_____

[7] Aside from Chythlook-Sifsof, who alleges that she reported Foley's alleged misconduct to Shaw (Compl. ¶ 138), Plaintiffs do not even allege that they have ever met or spoken with Shaw. *See Hall v. Dimon*, No. 16-cv-06907, 2016 WL 10648707, *1 (C.D. Cal. Nov. 16, 2016) (finding no specific jurisdiction where "there is no allegation that Defendant has ever interacted with Plaintiffs or has had any personal involvement with the actions at issue"). Shaw participated in that

In sum, it is abundantly clear that Plaintiffs cannot satisfy any—let alone all—of the three parts of the *Calder* effects test, and are thus unable to demonstrate that Shaw purposefully directed his conduct at California. *See Picot*, 780 F.3d at 1215 (no purposeful direction where defendant committed allegedly tortious conduct "from his residence in Michigan, without entering California, contacting any person in California, or otherwise reaching out to California"); *Schwarzenegger*, 374 F.3d at 807 (no purposeful direction where defendant aimed tortious conduct toward Ohio even though defendant "eventually caused harm to [plaintiff] in California, and [defendant] may have known that [plaintiff] lived in California"); *see also Gunn v. Wild*, 771 F. App'x 392, 393 (9th Cir. 2019) (no purposeful direction where plaintiff did not allege any connection between defendant and the forum state with respect to claims at issue).  This should end the analysis and Shaw should be dismissed for lack of personal jurisdiction. *See Axiom Foods*, 874 F.3d at 1071; *J.A.A.*, 2019 WL 5889082, at *4.

        (2)    Shaw Did Not Purposefully Avail Himself of the Privilege of Conducting Business in California

Even were this Court to undertake a purposeful availment analysis rather than a purposeful direction analysis, it is equally clear that this Court lacks specific jurisdiction over Shaw.  For purposeful availment, courts examine "if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum." *Schwarzenegger*, 374 F.3d at 802.

Plaintiffs cannot establish purposeful availment because the Complaint

---

telephone call with Chythlook-Sifsof from his USSS office in **Park City, Utah,** and did not ask and does not know (nor does the Complaint allege) where Chythlook-Sifsof was located at the time of the call.  (Shaw Decl. ¶ 9.)

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

KASOWITZ BENSON TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

alleges no facts whatsoever suggesting that Shaw undertook any action to "avail" himself of the privilege of conducting business in California.  Rather, the Complaint alleges that Shaw resides in Utah and worked for USSS, which has its principal place of business and headquarters in Utah.  (Compl. ¶¶ 18-19.)  Shaw has never lived in California, owned any real or personal property in California, maintained any residences in California, negotiated or signed any contract in California, maintained any bank accounts in California, had any vehicles registered in California, or—apart from a three-week unpaid internship nearly 40 years ago— worked in California.  (Shaw Decl. ¶¶ 6-7.)  Shaw's occasional business trips to California for athletic events and fundraising while at USSS (*id.* ¶ 4) do not constitute purposeful availment because the claims against Shaw do not concern those trips.  *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 264 (2017) ("When there is no such connection [between the forum and the underlying controversy], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."); *Ballard*, 65 F.3d at 1498 (finding that 24 business trips bank officials took to California "do not weigh in favor of an exercise of specific jurisdiction [] because Ballard's case against the Bank does not concern the Bank's business trips to America"); *see also Picot*, 780 F.3d at 1213 (finding that defendant's trips to California were insufficient to demonstrate purposeful availment).

Because the Complaint alleges no actions (or inactions) by Shaw that "create[d] a substantial connection with [California], or g[a]ve rise to any ongoing obligations there," *Morrill*, 873 F.3d at 1149 (internal quotations omitted), the purposeful availment test—even were it to apply here—cannot be satisfied.

        b.    Plaintiffs' Claims Do Not "Arise Out of" or "Relate to" Shaw's Contacts with California

Because Plaintiffs have failed to satisfy the first prong of the three-pronged specific jurisdiction test, the Court need not even consider the remaining prongs.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

13
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*Picot*, 780 F.3d at 1212 n.2.  Even if Plaintiffs could somehow satisfy the first prong, however, they fail on the second because their claims do not "arise[] out of or relate to [Shaw's] forum-related activities."  *Picot*, 780 F.3d at 1211.  For claims to arise out of or relate to a defendant's contacts with the forum, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Ford Motor Co.*, 141 S. Ct. at 1025 (internal quotations and citation omitted).  "The phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum."  *Id.* at 1026.

Here, the Complaint contains no allegations—let alone the required "uncontroverted allegations," *Uniloc 2017 LLC v. H&R Block, Inc.*, No. 19-cv-01149, 2019 WL 8219781, *6 (C.D. Cal. Dec. 23, 2019)—from which the Court could conclude that the claims against Shaw arise out of or relate to his minimal contacts with California.  Indeed, as discussed above, apart from O'Malley's residency, the Complaint pleads no factual allegations whatsoever connecting *either Shaw or Plaintiffs* to California.[8]  Accordingly, Plaintiffs fail to satisfy the second prong of the specific jurisdiction analysis, and Shaw should be dismissed for lack of personal jurisdiction.

          c.     The Exercise of Jurisdiction Over Shaw Would Be Unreasonable

Because Plaintiffs cannot satisfy either of the first two prongs, this Court need not even examine the third prong.  *Schwarzenegger*, 374 F.3d at 802.

---

[8] Here again, Shaw's occasional business trips to California as CEO of USSS (Shaw Decl. ¶ 4) are irrelevant given the absence of any allegation that Plaintiffs' claims against Shaw arise out of or relate to those trips.  *See High-Bassalik v. Al Jazeera Am*, No. 15-cv-04427, 2015 WL 9695227, *6 n.2 (C.D. Cal. Nov. 2, 2015) (dismissing former CEO of Al Jazeera and denying jurisdictional discovery because "even if plaintiff could establish that [defendant] had traveled to or conducted business in California, that would not change the fact that none of the allegations in the complaint "arise out of" [defendant's] contacts with California").

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

14

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

However, if the Court were to nevertheless examine the third prong, it is clear that the exercise of personal jurisdiction over Shaw would not comport with "fair play and substantial justice." *Picot*, 780 F.3d at 1211.

Courts consider seven factors in weighing reasonableness:

(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1487-88 (9th Cir. 1993). "None of the factors is dispositive in itself; instead, [courts] must balance all seven." *Id.* Here, a balancing of the seven factors shows that exercising jurisdiction over Shaw would be unreasonable:

1. The first factor, the extent to which the defendant purposefully interjected himself into the forum state of California, weighs in favor of Shaw for the same reasons that the Court cannot find purposeful direction or purposeful availment. *See id.* at 1488 ("Since the [defendants'] contacts were attenuated, this factor weighs in their favor.").

2. The second factor also weighs in Shaw's favor because it would be burdensome for him in terms of expense, inconvenience, and time to travel to California to defend himself in this action.

3. The third factor, the extent of conflict with the sovereignty of the defendant's state, is not dispositive when dealing with conflicts of sovereignty between American states rather than between the United States and a foreign sovereign. *Churchill Media LLC v. Moon Broadcasting Prosser, LLC*, No. 08-cv-06330, 2009 WL 2424080, *4 (D. Or. Aug. 5, 2009).

4. The fourth factor, the interest in California in adjudicating the dispute, also weighs in favor of Shaw. Although "California maintains a strong interest in providing an effective means of redress for its residents [who are] tortiously injured," *Core-Vent Corp.*, 11 F.3d at 1489 (internal quotations and citation omitted), the only California resident is O'Malley, who does not even allege that she was injured in California. The other

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

15
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

two Plaintiffs—Fletcher and Chythlook-Sifsof—are Alaska residents.

5.  The fifth factor focuses on the location of the evidence and witnesses. *Id.* This factor also favors Shaw because the only California witness is O'Malley; all other parties are located outside California, and the Complaint does not suggest the existence of any evidence or witnesses in California.

6.  As for the convenience and effectiveness of relief available to Plaintiffs, this factor too favors Shaw because, apart from O'Malley, Plaintiffs—who live in Alaska—cannot show why it would be more convenient or effective for them to litigate in California.

7.  Finally, the Court must determine whether an adequate alternative forum exists. The plaintiff "bears the burden of proving the unavailability of an alternative forum." *Id.* at 1490. Plaintiffs cannot meet this burden.

Thus, even if the Court reaches a reasonableness analysis (and it should not, given Plaintiffs' inability to satisfy the first two parts of the specific jurisdiction analysis), the Court should find that it would be unreasonable to exercise jurisdiction over Shaw in California. *See id.* (finding that jurisdiction over defendants would be unreasonable); *Uniloc 2017 LLC*, 2019 WL 8219781, at *6 (same).

**B.   Even If Shaw is Subject to Personal Jurisdiction, the Complaint Should Be Dismissed for Failure to State a Claim**[9]

1.   Legal Standard

Even were the Court to somehow find that Shaw is subject to personal jurisdiction in California, all causes of action should nevertheless be dismissed for

---

[9] Due to the substantial overlap in legal issues and to avoid duplicative arguments, and as specified in Shaw's contemporaneously filed Notice of Joinder, Shaw hereby adopts, incorporates by reference, and joins in all arguments raised in USSS's contemporaneously filed Motion to Dismiss regarding the causes of action for RICO, negligent retention and supervision, and sex trafficking conspiracy, to the extent that the subject allegations in those causes of action apply to both USSS and Shaw. *See Skye Orthobiologics, LLC v. CMC Biomedical, LLC*, No. 20-cv-03444, 2021 WL 6102520, *8 (C.D. Cal. Feb. 9, 2021). Shaw's arguments herein focus only on those issues that have unique or particular application to him.

failure to state a claim.  To survive a Rule 12(b)(6) motion, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citation omitted).

When ruling on a Rule 12(b)(6) motion, a district court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).  However, the Court is not "required to accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotations and citation omitted); *see Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

### 2.  Plaintiffs Fail to State a Claim Against Shaw for RICO

To state a civil RICO claim under § 1962(c), "a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (*en banc*) (internal quotations and citation omitted).  "Racketeering activity" includes certain specified criminal offenses under federal and state law.  18 U.S.C. § 1961(1).  A "pattern" requires at least two acts of racketeering activity, subject to certain time restrictions.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

17

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*Id.* § 1961(5).  "[W]here, as here, a plaintiff alleges RICO claims against multiple defendants, the plaintiff must allege at least two predicate acts *by each* defendant." *Richards v. Cty. of L.A.*, No. 17-cv-00400, 2017 WL 7411159, *5-6 (C.D. Cal. Mar. 31, 2017) (internal quotations and citation omitted, emphasis in original). Moreover, those predicate acts must be "indictable" as criminal conduct.  18 U.S.C. § 1961(1)(B); *see Howard v. Am. Online Inc.*, 208 F.3d 741, 748 (9th Cir. 2000).

Predicate acts alleging fraud must be pleaded with particularity under Federal Rule of Civil Procedure 9(b); a RICO plaintiff must specifically allege "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation . . . [and] the role of each defendant in each scheme." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (internal quotations and citation omitted) (affirming dismissal of RICO claim without leave to amend where claim did not attribute specific conduct to individual defendants and did not specify the time or place of the alleged wrongful conduct, but merely lumped defendants together in a conclusory allegation of a fraudulent scheme); *see Swartz*, 476 F.3d at 764-65 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.") (internal quotations and citation omitted).

Here, in addition to the arguments raised by USSS as to the First Cause of Action, in which Shaw joins, Plaintiffs' RICO claim fails as to Shaw specifically for several reasons.

*First*, the Complaint pleads no facts alleging that Shaw committed a single predicate act, let alone two or more such acts constituting a "pattern."[10]  Rather, the

---

[10] Indeed, as discussed above, the entire Complaint does not allege *any* affirmative acts taken by Shaw, but only a "history of *inaction*."  (Compl. ¶ 165 (emphasis added); *see id.* ¶ 138 (similarly alleging actions that Shaw *did not* take).)

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

Complaint includes a generalized, conclusory, and undifferentiated allegation of predicate acts that merely groups Shaw in with the other named defendants:

> Defendants have conducted and participated in the affairs of the Foley Sexual Abuse and Cover Up Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1) and 1961(5), which includes multiple instances of obtaining a victim for the purpose of committing or attempting to commit aggravated sexual abuse in violation of 18 U.S.C. §§ 1590 and 1591 as described above, and multiple instances of transporting female athletes for the purposes of furthering the common purposes of the Foley Sexual Abuse and Cover Up Enterprise, including sexual abuse, sexually illicit photography, and other immoral purposes in violation of 18 U.S.C. § 2421, also known as the Mann Act. The pattern of racketeering activity also included multiple instances of mail and wire fraud through use of interstate channels described below.

(Compl. ¶ 188; *see id.* ¶ 189 (alleging in an undifferentiated fashion that "Defendants utilized phone, email, and mail in order to threaten and intimidate Plaintiffs and make arrangements for Foley to further his illicit sexual activities").) This is insufficient to state a RICO claim against Shaw as a matter of law. *See*, *e.g.*, *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1035-36, 1051 (C.D. Cal. 2011) (granting motion to dismiss RICO claim, finding that predicate acts of fraud alleged against one group of defendants did not state claim against other defendants).

*Second*, the Complaint fails to plead any predicate acts of mail or wire fraud with specificity, instead broadly alleging that "Defendants used the mail and wires for the transmission, delivery, travel, and transportation of" unspecified "[c]ontracts," unspecified "[w]ires and mails," unspecified "athletes," unspecified "[e]lectronic transmissions," and unspecified "[m]essage transmissions through electronic channels." (Compl. ¶ 191.) The Complaint does not identify with specificity the date of, parties to, or contents of a single such item, nor does it even suggest what specific misrepresentations were contained therein. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) ("To allege fraud with particularity, a plaintiff . . . must set forth what is false or misleading about a statement, and why it is false."), *superseded by statute on other grounds as stated*

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

19
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*in Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-cv-00253, 2016 WL 6393503, *8 (N.D. Cal. Oct. 28, 2016).  Such allegations are plainly insufficient under Rule 9(b) to state racketeering acts of mail and wire fraud against Shaw.[11] *See Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.,* 790 F. Supp. 2d 1134, 1148-49 (C.D. Cal. 2011) (granting motion to dismiss predicate acts of mail and wire fraud where complaint generally alleged that "RICO Defendants utilized the telephone, facsimile, postal system, and/or email of the United States to organize, plan, and coordinate the RICO Enterprise"); *see also Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1089 (C.D. Cal. 2011) (noting that courts are "particularly sensitive" to Rule 9(b)'s pleading requirements in connection with RICO predicate acts of mail and wire fraud and have "required specific allegations as to which defendant caused what to be mailed (or made which telephone calls), and when and how each mailing (or telephone call) furthered the fraudulent scheme") (internal quotations and citation omitted).

  *Third*, Plaintiffs lack standing to bring their RICO claim against Shaw. "Statutory standing under RICO is narrower than injury-in-fact standing under Article III."  *Vega v. Ocwen Fin. Corp.*, No. 14-cv-04408, 2015 WL 1383241, *11 (C.D. Cal. Mar. 24, 2015).  "[T]o state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense not only was a 'but for' cause of his injury, but was the proximate cause as well."[12]  *Hemi Grp., LLC v. City of N.Y.*, 559 U.S. 1, 9 (2010) (internal quotations and citation omitted).  The proximate

---

[11] Nor does the Complaint identify any "money or property" that Shaw sought to obtain by fraud apart from a bizarre and unsupported reference to "Olympic medals" (Compl. ¶ 192), which of course Shaw did not personally obtain.  *See United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) (mail and wire fraud require scheme to deprive victim of money or property).

[12] RICO standing also requires that the alleged harm "qualifies as injury to [the plaintiff's] business or property, and "that a plaintiff asserting injury to property allege concrete financial loss."  *Vega*, 2015 WL 1383241, at *11.  Shaw joins in USSS's arguments as to this issue.

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

20

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

causation requirement is "stringent." *Prime Partners IPA of Temecula, Inc. v. Chaudhuri*, No. 11-cv-01860, 2012 WL 1669726, *8 (C.D. Cal. May 14, 2012); *see Hemi Grp., LLC*, 559 U.S. at 9 ("A link that is too remote, purely contingent, or indirect is insufficient.") (internal quotations omitted).  Here, Plaintiffs do not and cannot allege that any injury to them was proximately caused by an enterprise that included Shaw, as their alleged assaults occurred no later than *2005* and Shaw did not begin working for USSS—the earliest time that he could plausibly have joined the alleged "enterprise"—until *2013*.

Because no conceivable amendment can cure these defects or change the undisputed timeline, the RICO claim against Shaw should be dismissed without leave to amend.

           3.    <u>Plaintiffs Fail to State a Claim Against Shaw for Negligent Supervision or Retention</u>

To state a claim for negligent supervision or retention, Plaintiffs must allege the elements of negligence: duty, breach, proximate causation, and damages.  *Lee v. Delta Air Lines Inc.*, No. 20-cv-08754, 2021 WL 4527955, *9 (C.D. Cal. Aug. 23, 2021).  "As to the element of duty for negligent [] supervision and retention cases, Plaintiff[s] must allege *the existence of an employment relationship* and foreseeability of injury." *Id.* (emphasis added, internal quotations and citation omitted).

           a.    Shaw Was Not Foley's Employer and Thus Cannot Be Liable For Negligent Supervision or Retention

Shaw cannot be held liable for the tort of negligent supervision or retention of Foley for the simple reason that he was not Foley's employer—*USSS* was.  Plaintiffs plead no facts suggesting that Foley was ever an employee or agent of Shaw personally—let alone at the time of the alleged assaults of Plaintiffs (which occurred eight to nineteen years before Shaw even joined USSS)—or that Shaw as an individual officer of USSS had the power to supervise or fire employees.  Under either California or Utah law, that unfixable deficiency is fatal to Plaintiffs' claim

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

21

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

against Shaw. *See Taylor v. Ron's Liquors Inc.*, No. 10-cv-00694, 2010 WL 4010140, *3 (N.D. Cal. Oct. 13, 2010) ("[L]iability for [negligent retention and supervision] depends on the existence of a principal-agent relationship. Plaintiff has not directed the Court to any California court opinion imposing liability on anyone other than the employing entity."); *Jensen v. Gale*, No. 13-cv-00030, 2014 WL 7246948, at *5 (D. Utah Dec. 18, 2014) (claim of negligent employment, which includes negligent supervision and retention, "can only be asserted against an *employer*" (emphasis in original)).

b.     Even if Shaw Owed a Duty to Plaintiffs, Plaintiffs Do Not and Cannot Allege a Causal Connection Between Shaw's Acts or Omissions and Their Alleged Injuries

Even assuming that anything in the Complaint could be read as alleging an agency relationship between Shaw and Foley that created a duty to Plaintiffs (and it cannot), Plaintiffs have failed to allege the essential element of a causal connection between Shaw's alleged acts or omissions and their alleged injuries. The reason for this is again straightforward and obvious based on the undisputed timeline; because the sexual misconduct against Plaintiffs alleged in the Complaint occurred years before Shaw first joined USSS in 2013, nothing Shaw did (or did not do) with respect to Foley could possibly have prevented (or caused) that harm.

The Complaint does not allege that Shaw had any involvement with USSS (or Plaintiffs) prior to 2013, nor can it plausibly allege that Shaw knew or should have known about the alleged assaults of Plaintiffs before or at the time they occurred. *See Z.V. v. Cty. of Riverside*, 238 Cal. App. 4th 889, 902 (2015) ("To establish negligent supervision, a plaintiff must show that a person in a supervisorial position over the actor had ***prior knowledge*** of the actor's propensity to do the bad act." (emphasis added)). The only allegation regarding Shaw being put on notice of any misconduct by Foley is that Chythlook-Sifsof informed Shaw no earlier than 2018 that she had personal knowledge of Foley's misconduct (the

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

22
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

complaint does not articulate *what* misconduct Chythlook-Sifsof allegedly reported).  (Compl. ¶ 138; n.3, *supra*.)

Thus, taking the facts as alleged in the Complaint as true, the alleged acts of abuse against Plaintiffs all took place no later than 2005; Shaw did not join USSS until 2013; and Shaw was put on notice of Foley's conduct no earlier than 2018. Even if Shaw had possessed the unilateral authority to terminate USSS employees (something the Complaint does not and cannot allege) and had terminated Foley immediately after first being put on notice of his alleged misconduct, it could not have prevented the alleged harm *to these Plaintiffs* that had occurred more than a decade earlier.[13]

Accordingly, the Complaint fails to allege—and, based on the above chronology, ***cannot*** allege—that Shaw's purported failure to take reasonable care in supervising and retaining Foley was the proximate cause of Plaintiffs' alleged injuries, and Plaintiffs' claim against Shaw for negligent supervision and retention should be dismissed without leave to amend.  *See Delfino v. Agilent Tech., Inc.*, 145 Cal. App. 4th 790, 817 (2006) (finding no *prima facie* case of negligent supervision or retention against employer where employee's alleged misconduct occurred before employer allegedly knew or should have known of that conduct).

4.     Plaintiffs Fail to State a Claim Against Shaw for Sex Trafficking Conspiracy

Finally, the Complaint is utterly devoid of *any facts* to support a cause of action against Shaw for engaging in a conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 1594(c), 1595(a).  While joining in all arguments raised by USSS in its Motion to Dismiss the Sixteenth Cause of Action—including but not limited to the impermissible retroactive application of the relevant statutes—Shaw

---

[13] Indeed, Chythlook-Sifsof does not even allege that she was injured by Foley, and therefore cannot plausibly allege that her injuries were proximately caused by ***any party's*** negligent supervision or retention of Foley.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

additionally notes that the Complaint fails to allege any facts from which it can be reasonably inferred that Shaw "conspire[d] to benefit [] financially or by receiving anything of value" from a sex trafficking venture.  18 U.S.C. § 1595(a); *see United States v. Marcus*, 487 F. Supp. 2d 289, 306 (E.D.N.Y. 2007) ("commercial sex act" requires "a causal relationship between the sex act and an exchange of an item of value"), *vacated on other grounds*, 538 F.3d 97 (2d Cir. 2008), *rev'd*, 560 U.S. 258 (2010), *and aff'd in part, vacated in part,* 628 F.3d 36 (2d Cir. 2010).

The Complaint's only allegations of "benefit" as to Shaw are the conclusory claims that "[w]hile CEO of USSS, Shaw personally benefitted from Foley's standing as a coach with a history of coaching athletes to Olympic and World Cup victories during his tenure" (Compl. ¶ 165), and that all defendants "benefit[ed] from the abuse Foley inflicted on Plaintiffs using force and coercion to make Plaintiffs engage in sex acts for commercial gain and advantage" (*id.* ¶¶ 355, 356). Not only is benefiting "from Foley's standing as a coach" a far cry from benefiting from sex trafficking, but the allegation that Shaw conspired to benefit from Foley's abuse ***of Plaintiffs*** is utterly implausible given that Plaintiffs' alleged assaults occurred years before Shaw began working for USSS—the earliest date at which he could have joined any conspiracy, based on the allegations in the Complaint.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Complaint should be dismissed in its entirety as against Shaw without leave to amend.

Dated:  April 24, 2023

Respectfully submitted,

KASOWITZ BENSON TORRES LLP


By:*/s/ Daniel A. Saunders*
    Daniel A. Saunders

*Attorneys for Defendant*
*Gale "Tiger" Shaw III*

24

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Gale "Tiger" Shaw III, certifies that this brief is 25 pages, which complies with paragraph G.4 of the Court's Standing Order in this case dated February 28, 2023.


Dated:  April 24, 2023                    Respectfully submitted,

                                          KASOWITZ BENSON TORRES LLP


                                          By:*/s/ Daniel A. Saunders*
                                               Daniel A. Saunders

                                          *Attorneys for Defendant*
                                          *Gale "Tiger" Shaw III*

KASOWITZ BENSON
TORRES LLP
ATTORNEYS AT LAW
LOS ANGELES

25
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES