**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
   E-Mail: Jeffrey.Ranen@lewisbrisbois.com
MEGHAN E. McCORD, SB# 242281
   E-Mail: Meghan.McCord@lewisbrisbois.com
PAIGE T. RIVETT, SB# 348351
   E-Mail: Paige.Rivett@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
PETER FOLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEY FLETCHER, ERIN O'MALLEY, AND CALLAN CHYTHLOOK-SIFSOF, <br><br> Plaintiff, <br><br> vs. <br><br> PETER FOLEY, GALE "TIGER" SHAW III, AND UNITED STATES SKI & SNOWBOARD, AND UNITED STATES OLYMPIC AND PARALYMPIC COMMITTEE, <br><br> Defendants. | Case No. 2:23-cv-00803 SPG(JPRx) <br><br> [Hon. Sherilyn Peace Garnett] <br><br> **DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2) AND 12(b)(6) AND JOINING DEFENDANT UNITED STATES SKI & SNOWBOARD'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [*Filed concurrently with Declaration of Peter Foley; Defendant Peter Foley's Joinder in Defendant United States Ski & Snowboard's Notice of Motion and Motion to Dismiss Complaint; and [Proposed] Order Granting Defendant's Motion to Dismiss*] <br><br> Date:        July 19, 2023 <br> Time:       1:30 p.m. <br> Courtroom:    5C <br><br> Complaint Filed:  February 2, 2023 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 19, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 5C of the above-entitled court, located at 350 West 1st Street, Los Angeles, California 90012, Defendant PETER FOLEY ("Foley") will and hereby does move to dismiss Plaintiffs ROSEY FLETCHER, ERIN O'MALLEY, and CALLAN CHYTHLOOK-SIFSOF's (collectively "Plaintiffs") Complaint against Foley in its entirety, with prejudice. This Motion is made on the following grounds: (1) for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2); and (2) for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Foley hereby joins Defendant United States Ski & Snowboard's Notice of Motion and Motion to Dismiss Complaint; Memorandum of Points and Authorities in Support Thereof as to the following causes of action: Racketeer Influenced and Corrupt Organizations Act ("RICO"); Sex Trafficking; Sexual Assault under Section 340.16; and Conspiracy to Sex Trafficking.

Foley hereby joins USSS' Request for Judicial Notice.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 17, 2023.  The Parties thoroughly discussed the substance and potential resolution of the filed motion by videoconference.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Peter Foley, USSS Notice of Motion and Motion to Dismiss Complaint and Memorandum of Points and Authorities in Support Thereof, and USSS' Request for Judicial Notice filed and served herewith and upon the papers, records, and pleadings on file herein.



93920099.10

DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2) AND 12(B)(6)

1  DATED:  April 24, 2023                LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3

4                                  By:      /s/ Meghan McCord

5                                        JEFFREY S. RANEN
                                         MEGHAN E. McCORD
6                                        PAIGE T. RIVETT
                                         Attorneys for Defendant Peter Foley
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2)
AND 12(B)(6)

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................... 1

II.   STATEMENT OF FACTS ......................................................................... 2

    A.   Allegations Specific To Fletcher ................................................... 2

    B.   Allegations Specific To O'Malley .................................................. 3

    C.   Allegations Specific To Chythlook-Sifsof ..................................... 4

    D.   Allegations from 2022 Common To All Plaintiffs ......................... 4

III.  DISMISSAL FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2) ........................................................................... 5

    A.   The Court Lacks General Jurisdiction Over Foley As He Is Not "At Home" In California ................................................................ 6

    B.   The Court Lacks Specific Jurisdiction Over Foley As He Does Not Have Minimum Contacts With California ................................ 7

        1.   Foley's alleged conduct was not expressly aimed at California .............................................................................. 7

        2.   The alleged harm was not suffered in California ................... 10

    C.   To The Extent This Court Finds It Has Personal Jurisdiction Over Foley, The Fiduciary Shield Doctrine Protects Him Because Any Of His Contact With California Was Solely As The Head Coach ................................................................................. 10

IV.   DISMISSAL FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER FRCP 12(B)(6) ........................ 11

    A.   California Law Does Not Apply To Plaintiff's Claims Because The Alleged Acts Did Not Occur In California ............................. 12

        1.   Even if California law does apply, California Civil Procedure Code § 340.16 does not revive Plaintiffs' claims ..... 14

            (a)   Fletcher's claims are not revived by Section 340.16 ...... 14

            (b)   O'Malley's claims are not revived by Section 340.16 ................................................................................. 15

            (c)   Sifsof's claims are not revived by Section 340.16 ......... 15

    B.   Plaintiffs' Claims Against Foley are Inescapably Time Barred ......... 16

        1.   Even if California law does apply, Plaintiff's claims are time barred .......................................................................... 16

DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2) AND 12(B)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(a)  Fletcher's claims for sexual battery, battery, assault, sexual harassment, and intentional infliction of emotional distress are time barred ..............................16

(b)  O'Malley's claims for sexual battery, battery, assault, sexual harassment, and intentional infliction of emotional distress are time barred ..........................17

(c)  Sifsof's claims for sexual harassment and intentional infliction of emotional distress are time barred ..............................................................17

2.  Plaintiff's claims are not tolled ..........................................18

C.  Plaintiffs Fail To State Facts Sufficient To Support A Claim For Defamation ..............................................................19

1.  Plaintiffs cannot make out a prima facie case of defamation ..............................................................20

(a)  General denials of misconduct are not tantamount to defamation ..............................................................20

(b)  Foley's Statements do not amount to a publication because they cannot be understood as referring to Plaintiffs ..............................................................21

(i)  The February 11 Statements cannot be understood as referring to Plaintiffs .....................21

(ii)  The March 20 Statements cannot possibly be understood as referring to Plaintiffs .....................22

(c)  Foley did not make a false statement of fact .................22

(d)  Foley's statements do not injure or cause special damages ..............................................................23

2.  Howard Jacobs' statements to the press are not defamatory because they were made in reply to adverse publicity .............24

V.  CONCLUSION ..............................................................25

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2) AND 12(B)(6)

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
    874 F.3d 1064 (9th Cir. 2017)...................................................................9, 10

*Balzaga v. Fox News Network, LLC*,
    173 Cal. App. 4th 1325 (2009)......................................................................25

*Barron v. Reich*,
    12 F.3d 1370 (9th Cir. 1994) .......................................................................12

*Bianco v. Warner*,
    562 F. Supp. 3d 526 (C.D. Cal. 2021) ........................................................18

*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir. 1994) .........................................................................12

*Brayton Purcell LLP v. Recordon & Recordon*,
    606 F.3d 1124 (9th Cir. 2010)........................................................................8

*Bristol-Myers Squibb Co. v. Super. Ct. of California*,
    582 U.S. 255 (2017) ......................................................................................7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ......................................................................................7

*Calder v. Jones*,
    465 U.S. 783 (1984) .........................................................................6, 7, 20

*Clemens v. McNamee*,
    615 F.2d 374 (5th Cir. 2010) .........................................................................9

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ......................................................................................6

*Doe v. Marten*,
    49 Cal. App. 5th 1022 (2020) ......................................................................18

*Dole Food Co. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002)........................................................................7

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Douglas v. Noelle*,
    567 F.3d 1103 (9th Cir. 2009)................................................................. 16

*Duran v. St. Luke's Hospital*,
    114 Cal.App.4th 457 (Cal. Ct. App. 2003)................................................ 13

*Evanston Police Pens. Fund v. McKesson Corp.*,
    411 F. Supp. 3d 580 (N.D. Cal. 2019)...................................................... 5

*Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*,
    907 F.2d 911 (9th Cir. 1990) ................................................................... 6

*Fecht v. Price Co.*,
    70 F.3d 1078 (9th Cir. 1995) ................................................................... 5

*G & G Prods. LLC v. Rusic*,
    902 F.3d 940 (9th Cir. 2018) ................................................................. 13

*Galbraith v. Cty. of Santa Clara*,
    307 F.3d 1119 (9th Cir. 2002)................................................................ 12

*Gardner v. Starkist Co.*,
    418 F. Supp. 3d 443 (N.D. Cal. 2019)...................................................... 2

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma,
S.A.*,
    972 F.3d 1101 (9th Cir. 2020)................................................................ 11

*Gregory v. McDonnell Douglas Corp.*
    17 Cal.3d 596 (1976)............................................................................ 23

*Grober v. Mako Products, Inc.*,
    686 F.3d 1335 (Fed. Cir. 2012)............................................................. 11

*Guerrero v. Gates*,
    442 F.3d 697 (9th Cir. 2006) ................................................................. 18

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
    896 F.2d 1542 (9th Cir. 1990)............................................................... 12

*Hatfield v. Halifax PLC*,
    564 F.3d 1177 (9th Cir. 2009)............................................................... 13

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Int'l Shoe Co. v. State of Wash., Office of Unemployment*
   *Compensation & Placement,*
   326 U.S. 310 (1945) .................................................................... 6

*J. McIntyre Machinery, Ltd. v. Nicastro,*
   564 U.S. 873 (2011) .................................................................... 7

*Jones v. Blanas,*
   393 F.3d 918 (9th Cir. 2004) ................................................... 17

*Jones v. Clinton,*
   974 F. Supp. 712 (E.D. Ark. 1997) ................................... 20, 21

*Kirsopp v. Yamaha Motor Co. Ltd.,*
   2014 WL 12577429 (C.D. Cal. Aug. 27, 2014) ....................... 10

*Lee v. City of Los Angeles,*
   250 F.3d 668 (9th Cir. 2001) ................................................... 12

*Marvix Photo, Inc. v. Brand Techs., Inc.,*
   647 F.3d 1218 (9th Cir. 2011) ................................................... 5

*McGee v. Weinberg,*
   97 Cal.App.3d 798,804 (Cal. Ct. App. 1979) .......................... 13

*Mendiondo v. Centinela Hosp. Med. Ctr.,*
   521 F.3d 1097 (9th Cir. 2008).................................................. 12

*Neel v. Magana, Olney, Levy, Cathcart & Gelfand,*
   6 Cal. 3d 176 (1971)................................................................ 16

*New York Times Co. v. Sullivan,*
   376 U.S. 254 (1964) ................................................................ 20

*Panavision Int'l v. Toeppen,*
   141 F.3d 1316 (9th Cir. 1998)................................................... 7

*Reader's Digest Assn. v. Superior Court,*
   37 Cal.3d 244 (1984)............................................................... 19

*Reed v. Gallagher,*
   248 Cal.App.4th 841 (2016) .................................................... 23

*Ringler Assocs. Inc. v. Md. Cas. Co.,*
   80 Cal. App. 4th 1165 (2000) ................................................. 21

DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2) AND 12(B)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Schwarzenegger v. Fred Martin Motor Co.*,
 374 F.3d 797 (9th Cir. 2004) ..................................................... 7

*Sequeira v. Republic of Nicaragua*,
 No. CV 13-04332 DMG, No. CV1304332DMGFFMX, 2013 WL
 12421731 (C.D. Cal. Nov. 18, 2013) ............................... 8, 9, 10

*Shaffer v. Heitner*,
 433 U.S. 186 (1977) ............................................................. 6, 7

*Smith v. Maldonado*,
 72 Cal. App. 4th 637 (1999) ......................................................... 23

*Soliman v. CVS RX Servs.*,
 570 F. App'x 710 (9th Cir. 2014) .................................................. 17

*Stone v. Writers' Guild of America West, Inc.*,
 101 F.3d 1312 (9th Cir. 1996) ...................................................... 12

*Taus v. Loftus*,
 40 Cal.4th 683 (2007) ................................................................... 19

*Van Buskirk v. Cable News Network, Inc.*,
 284 F.3d 977 (9th Cir. 2002) ....................................................... 12

*W. Shield Investigations & Sec. Consultants v. Superior Court*,
 82 Cal. App. 4th 935, 98 Cal. Rptr. 2d 612 (2000) ........................ 17

*Walden v. Fiore*,
 571 U.S. 277 (2014) ................................................................. 8, 9

*In re Western States Wholesale Natural Gas Antitrust Litig.*,
 715 F.3d 716 (9th Cir. 2013) ......................................................... 5

*Yahoo! Inc. v. La Ligue Contre Le Racisme*,
 433 F.3d 1199 (9th Cir. 2006) ...................................................... 10

*ZL Techs., Inc. v. Does 1–7*,
 13 Cal. App. 5th 603 (2017) ......................................................... 23

**Statutes**

Cal. Civ. Code § 45(d)(2) ................................................................ 24

Cal. Code Civ. Proc. § 312 ............................................................. 16

DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2)
AND 12(B)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Cal. Code Civ. Proc. § 335.1 ..............................................................15, 16, 17

Cal. Code Civ. Proc. § 340.16(a) ................................................................. 16

Cal Code Civ. Proc. Section 361 ................................................................. 13

Cal. Code Civ. Proc. § 410.10 ...................................................................... 6

Cal. Civ. Code § 51.9 ................................................................................. 13

Cal. Code Civ. Proc. § 340.16 ..........................................................*passim*

Cal. Civ. Code § 1708.5 .........................................................................1, 13

Racketeer Influenced and Corrupt Organizations Act .................................. 1, 2

Unruh Act .................................................................................................. 17

**Other Authorities**

First Amendment......................................................................................... 23

California Rules of Professional Conduct, Rule 3.6.......................................... 1

California Rules of Professional Conduct, Rule 3.6(c) .................................... 25

https://www.espn.com/olympics/snowboarding/story/_/id/33564119/wo
    men-detail-new-sexual-assault-misconduct-allegations-ex-us-
    snowboard-coach-peter-foley.................................................................... 5

https://www.fis-ski.com/DB/general/athlete-
    biography.html?sectorcode=SB&competitorid=17509&type=result................ 2

https://www.fis-ski.com/en/inside-fis/about-fis/general/facts-figures .................. 2

Rule 12(b)(1) ............................................................................................. 12

Rule 12(b)(2) ..........................................................................................5, 12

Rule 12(b)(6) ................................................................................... 5, 12, 19

93920099.10

DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2)
AND 12(B)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This lawsuit filed by Plaintiffs ROSEY FLETCHER ("Fletcher"), ERIN O'MALLEY ("O'Malley"), and CALLAN CHYTHLOOK-SIFSOF ("Sifsof") (collectively, "Plaintiffs") against Defendant PETER FOLEY ("Foley") fails as a matter of law and cannot be cured by any amendment for the following reasons: Plaintiffs cannot demonstrate that the Court has personal jurisdiction over Foley as a matter of law. None of the alleged acts occurred in California; therefore, California law does not apply.  Finally, Plaintiffs' defamation claim fails to amount to a prima facie claim for defamation, and any statements made were in response to adverse publicity as allowed under the California Rules of Professional Conduct, Rule 3.6.

The Court lacks personal jurisdiction over Foley, a domiciliary of Oregon, for the following reasons:  Foley does not currently, nor has he ever, lived in California. Further, in their 61-page complaint, Plaintiffs do not allege that any actions underlying their Complaint occurred in California.  Therefore, Foley lacks the requisite minimum contacts for this Court to exercise personal jurisdiction over him.

Even if Foley was subject to personal jurisdiction, the Complaint fails to state a claim.  As against Foley, Plaintiffs bring the present lawsuit for alleged violations of: Racketeer Influenced and Corrupt Organizations Act ("RICO"); Sex Trafficking; Sexual Assault under Section 340.16; Conspiracy to Sex Trafficking; Sexual Battery under Civil Code Section 1708.5; Battery; Assault; Intentional Infliction of Emotional Distress; Defamation; and Sexual Harassment.  Plaintiffs fail to state a claim under any of these counts, and all of their claims are time-barred.

Additionally, Plaintiffs do not allege that any facts outlined in their Complaint occurred in California.  Therefore, California law does not apply to Plaintiffs' claims and they cannot avail themselves of the extended statute of limitations period provided in California Code of Civil Procedure Section 340.16.  Further, Plaintiffs' claims are time-barred.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Finally, the statements on which Plaintiffs' defamation claim are based fail to

2   identify Plaintiffs as the subject, and cannot be understood to do so.  Additionally,

3   the statements do not constitute defamation per se, and Plaintiffs' Complaint fails to

4   allege special damages caused by Foley's statements.  Finally, Attorney Howard

5   Jacobs' statements are in response to adverse publicity not initiated by Foley or

6   Jacobs.

7   Foley joins Defendant United States Ski & Snowboard's Notice of Motion

8   and Motion to Dismiss Complaint and the Memorandum of Points and Authorities

9   in Support Thereof as to the following causes of action: RICO; Sex Trafficking;

10  Sexual Assault under Section 340.16; and Conspiracy to Sex Trafficking.

11  **II.    STATEMENT OF FACTS**

12  Plaintiffs allege that Foley, a domiciliary of Oregon, served as head coach for

13  the United States Snowboard Team from 1994 through March 2022.  (Compl. ¶¶ 6,

14  17, 148.)

15  Plaintiffs intentionally omit the dates on which and locations where their

16  allegations occur during their time competing for the U.S. Snowboard Team

17  ("Team") in an attempt to bypass any statute of limitations or jurisdictional issues.

18  Where they do state a location, it is never in California.

19  **A.    Allegations Specific To Fletcher**

20  Fletcher, a domiciliary of Alaska, made her debut at a FIS event for the Team

21  on December 6, 1996 and had her final recorded race for the Team on March 26,

22  2006.[1]

23  _____

24  [1] *See* Compl. ¶¶ 14, 60; *see also* https://www.fis-ski.com/DB/general/athlete-biography.html?sectorcode=SB&competitorid=17509&type=result ("FIS Fletcher").

25  As set forth more fully in USSS' Request for Judicial Notice, Defendants request

26  that the Court take judicial notice of the records maintained and published by FIS as "the governing body of international skiing and snowboarding" and "[r]ecognized

27  by the International Olympic Committee." *See* https://www.fis-ski.com/en/inside-fis/about-fis/general/facts-figures (the "about FIS" page); *see also Gardner v.*

28  (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Fletcher alleges Foley sexually assaulted her when she was 19 years old at a training camp where coaches and athletes were sharing a room. (Compl. ¶ 65.) Fletcher alleges she felt Foley sneak up behind her and he "reached his left arm over [her] and put his fingers inside her" without her consent. (*Id.* ¶ 66.) Fletcher alleges that on a separate occasion, "Foley intercepted her as she was exiting a postrace event and suddenly began to forcibly kiss her without her consent." (*Id.* ¶ 67.)

Fletcher alleges she did not pursue legal remedies before the present action "as a direct and proximate result of Foley's intimidation, control, manipulation, and the affirmative steps that he took during the abuse to keep her silent, and the affirmative steps the Foley Sexual Abuse and Cover Up Enterprise, the USSS, and the USOPC took in order to prevent Rosey from reporting Foley's misconduct." (*Id.* ¶ 74.) Specifically, Fletcher cites a fear of "physical and professional retaliation" if she did not keep silent. (*Id.* ¶ 71.)

**B.    Allegations Specific To O'Malley**

O'Malley, a domiciliary of California, competed for the Team from 1995 to 2003. (*Id.* ¶¶ 15, 78.)

O'Malley alleges that "[o]ne evening after a competition," Foley groped her and tried to forcibly kiss her in an elevator. (*Id.* ¶ 85.) Fletcher was present in the elevator. (*Id.*) Fletcher and O'Malley allegedly "ran out and down the hallway as Foley chased them to their room" after the elevator doors opened. (*Id.* ¶ 86.) Once in the room, they allegedly "pleaded with Foley to leave them alone" and O'Malley hid on the side of the bed. (*Id.* ¶¶ 87-88.) Foley left the room when Plaintiffs requested he do so. (*Id.* ¶ 89.)

O'Malley "believed there was no one she could report Foley's behaviors to" and did not report the alleged misconduct until March of 2022. (*Id.* ¶ 93.)

---

*Starkist Co.*, 418 F. Supp. 3d 443, 452 (N.D. Cal. 2019) (a court may take judicial notice of records and reports of administrative bodies).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

93920099.10

3

DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2) AND 12(B)(6)

### C.     Allegations Specific To Chythlook-Sifsof

Sifsof, a domiciliary of Alaska, competed for the Team from 2005 to 2014. (*Id.* ¶¶ 16, 97).

Sifsof alleges she was "subjected to" inappropriate conduct including sexually explicit and racially discriminatory remarks. (*Id.* ¶ 104.)  Foley allegedly "would not punish or correct individuals on the Team" who displayed such conduct.  (*Id.*)  Foley allegedly "joined in: laughing, making similar comments, and revealing sex stories of his own." (*Id.* ¶ 105.)  Sifsof further alleges that she was raped and sexually assaulted by a coach on an opposing team at the Junior World Championship in 2005.  (*Id.* ¶¶ 108-110.)

Sifsof ultimately reported some unspecified misconduct by Foley on Instagram in February of 2022.  (*Id.* ¶120.)  Sifsof claims she delayed reporting as a "direct and proximate result of Foley's intimidation and the affirmative steps that he, the Foley Sexual Abuse and Cover Up Enterprise, the USSS, and the USOPC took in order to prevent [her] from reporting Foley's misconduct." (*Id.* ¶ 121.)

### D.     Allegations from 2022 Common To All Plaintiffs

Plaintiffs did not report the assault until March of 2022. (*Id.* ¶ 141.)

Following Callan Chythlook-Sifsof's Instagram post in early February 2022 "expos[ing] Foley's sexual misconduct" (*Id.* ¶ 177) and Plaintiff's complaint to the United States Center for SafeSport, Foley stated to the press on February 11, 2022, that he "'was totally surprised by the allegations' and that he 'vehemently denied the allegations.'" (*Id.* ¶ 180.)

Additionally, Plaintiffs allege Foley stated, through his attorney Howard Jacobs ("Jacobs") "that 'any allegations of sexual misconduct being made against [Foley] are false.' And that 'Mr. Foley has not engaged in any conduct that violates the SafeSport Code.'" (Compl. ¶ 182.)  Jacobs' statements were initially made to ESPN on Sunday, March 20, 2022.  (*Id.*)  The statement, in full as quoted by ESPN is as follows: "Any allegations of sexual misconduct being made against him are

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

false.  […]  Mr. Foley has not engaged in any conduct that violates the SafeSport Code, and he will cooperate with the U.S. Center for SafeSport when and if they contact him."[2]

## III.   DISMISSAL FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2)

Foley is not "at home" in California and lacks the necessary minimum contacts with California to be subjected to this Court's personal jurisdiction.  Foley hereby joins USSS' Motion as to RICO's nationwide service provision not conferring jurisdiction over Foley.  (*See* USSS Motion to Dismiss, filed concurrently herewith.)  The plaintiff bears the burden of demonstrating a court has personal jurisdiction over a defendant.  *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013).  For the foregoing reasons, Plaintiffs fail to meet that burden.

Under Federal Rule of Civil Procedure 12(b)(2), a party may move the court to dismiss a complaint for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2).  "Where … no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits."  *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted).  California's long-arm statute allows a court to "exercise jurisdiction on any basis not inconsistent

---

[2] *See* https://www.espn.com/olympics/snowboarding/story/_/id/33564119/women-detail-new-sexual-assault-misconduct-allegations-ex-us-snowboard-coach-peter-foley ("ESPN Article").  This article, specifically referenced in the Complaint at Page 26, footnote 4, is properly considered on a motion to dismiss.  *See Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) ("[D]ocuments whose contents are alleged in a complaint and whose authority no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.") (internal quotations and citation omitted); *Evanston Police Pens. Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592-93 (N.D. Cal. 2019) (finding news articles identified in complaint to be incorporated by reference and considering their contents on Rule 12(b)(6) motion).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   with the Constitution of this sate or of the United States." Cal. Code Civ. Proc. §

2   410.10.

3     In the absence of a defendant's consent, physical presence, or domicile in a

4   forum state, a court can exercise personal jurisdiction over the defendant only where

5   a defendant has "certain minimum contacts with [the forum state] such that the

6   maintenance of the suit does not offend traditional notions of fair play and

7   substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment*

8   *Compensation & Placement*, 326 U.S. 310, 316 (1945). The Ninth Circuit considers

9   "[o]nly contacts occurring prior to the event causing the litigation" in assessing

10  minimum contacts. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907

11  F.2d 911, 913 (9th Cir. 1990).

12    Each defendant's contacts with the forum state must be individually assessed.

13  *Calder v. Jones*, 465 U.S. 783, 790 (1984). The mere fact that a corporation is

14  subject to local jurisdiction is not definitive of whether its nonresident employees

15  are also subject to that jurisdiction. *Id.*

16     **A.**   **The Court Lacks General Jurisdiction Over Foley As He Is Not**

17       **"At Home" In California**

18    A court has general jurisdiction over a defendant where the defendant's

19  contacts within the forum state are "so continuous and systematic as to render [the

20  defendant] essentially at home in the forum state." *Daimler AG v. Bauman*, 571

21  U.S. 117, 137-39 (2014). An individual is "at home" in the state where they are

22  domiciled, where they reside with an intent to remain indefinitely. *Id.* at 137.

23    Alternatively, a court may exercise quasi in rem jurisdiction over a defendant

24  where the defendant owns property in the forum state. *Shaffer v. Heitner*, 433 U.S.

25  186, 199-200 (1977). However, property ownership alone, where it is not the basis

26  of a plaintiff's cause of action, is not enough to support a court exercising

27  jurisdiction over the defendant. *Id.* at 203-204, 209.

28    Here, by Plaintiffs' own admission, Foley resides in Oregon, where he intends

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

93920099.10   6

DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2)
AND 12(B)(6)

to remain indefinitely.  (Foley Decl.; Compl. ¶ 17.)  Foley does not now, nor has he ever, lived in California.  (Foley Decl.)  Foley does not own property in California.  (*Id.*)  Therefore, Foley is not "at home" in California, nor may this Court exercise quasi in rem jurisdiction over him.  This Court lacks general jurisdiction over him.

### B.   The Court Lacks Specific Jurisdiction Over Foley As He Does Not Have Minimum Contacts With California

Foley lacks requisite minimum contacts for the court to exercise specific jurisdiction over him.  Specific personal jurisdiction exists where a defendant has (1) certain minimum contacts with the forum state, (2) the controversy arises out of those contacts, and (3) the exercise of jurisdiction is reasonable.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985).  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  *Bristol-Myers Squibb Co. v. Super. Ct. of California*, 582 U.S. 255, 264 (2017).

Generally, minimum contacts are assessed using the purposeful availment standard.  *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011).  However, where a plaintiff's claims arise out of intentional tort, courts apply the effects test laid out in *Calder v. Jones*, 465 U.S. 783 (1984).  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998).  Under the effects test, minimum contacts exist where a defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

#### 1.   Foley's alleged conduct was not expressly aimed at California

The Ninth Circuit has "emphasized that 'something more' than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction … and that 'something more' means conduct expressly aimed at the forum."  *Brayton*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

93920099.10

7

DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2) AND 12(B)(6)

1  *Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010)

2  (citations omitted).

3  It is well-established that a plaintiff's residence in a forum state alone does

4  not grant that state's courts jurisdiction over the defendant. Minimum contacts

5  assess the relationship between *the defendant* and the forum state. *Walden v. Fiore*,

6  571 U.S. 277, 285 (2014). "[T]he plaintiff cannot be the only link between the

7  defendant and the forum. These same principles apply when intentional torts are

8  involved." *Id.* ("however significant the plaintiff's contacts with the forum may be,

9  those contacts cannot be 'decisive in determining whether the defendant's due

10  process rights are violated'" (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).).

11  Foley cannot be subjected to the state's personal jurisdiction merely because

12  O'Malley is now domiciled in California (Compl. ¶ 15). *See Walden*, 571 U.S. at

13  291 (the Court unanimously decided that where a defendant's tortious conduct

14  occurred entirely in Georgia, "the mere fact that his conduct affected plaintiffs with

15  connections to the forum State does not suffice to authorize jurisdiction"). There

16  must be something more. *See Id.* at 286-291 (although the defendant committed an

17  intentional tort aimed at the plaintiff, a known resident of Nevada, the defendant's

18  conduct *was not aimed at the forum state*, Nevada, simply because the plaintiff lived

19  there). Plaintiffs do not allege any connection between Foley, the alleged harm, and

20  California. Nor do they allege that any wrongdoing occurred in California.

21  Plaintiffs here do not allege sufficient facts to satisfy the second requirement

22  of the "effects" test. *Sequeira*, 2013 WL at *5 (finding that the plaintiff "[did] not

23  allege sufficient facts to satisfy the second requirement of the 'effects' test" because

24  the plaintiff "[did] not allege that he had a 'substantial, ongoing connection' to

25  California"). The allegedly intentional conduct did not take place in California.

26  Plaintiffs fail to allege where any of the conduct occurred and the Complaint makes

27  no mention of California beyond stating that Defendants do business in California

28  and the "lawsuit arises out of and relates to their contacts with California." (Compl.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

¶ 22.)  The Complaint does not elaborate on these "contacts with California."

Moreover, Plaintiffs Fletcher and Sifsof do not reside in California; rather, both reside and are domiciled in the State of Alaska (Compl. ¶¶ 14, 16).  *See Sequeira*, 2013 WL at *5 (plaintiff did not satisfy the effects test where the plaintiff lived and work outside of California during the relevant time period).  Again, the court must look at a *defendant's* contacts with the forum State, "not to the defendant's knowledge of a plaintiff's connections to a forum." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (citing *Walden* U.S. at 287-88.); s*ee Walden* 571 U.S. at 286 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.").

While the Complaint fails to allege where Foley's defamatory statements were made, even if they were made in California, they are insufficient to establish that Foley's conduct was expressly aimed at California.  *See Clemens v. McNamee*, 615 F.2d 374, 380 (5th Cir. 2010) (petition for writ of certiorari denied) (finding that defamatory statements made in New York to a national publication about a Texas Resident was insufficient to satisfy the "expressly aimed" requirement).  The allegedly defamatory statements in the present case were made to the press, particularly to ESPN, a national publication. (Compl. ¶¶ 200, 202.)  Plaintiffs allege the statements were about them, residents of Alaska, and California.  (*Id.* ¶ 13.)  Therefore, the defamatory statements allegedly made by Foley are not enough to give California courts specific jurisdiction over him.

For the foregoing reasons, Plaintiffs' Complaint fails to make any allegation that Foley's conduct was expressly aimed at California.  Accordingly, Foley does not have sufficient minimum contacts and the Court lacks personal jurisdiction over him.  *See Kirsopp v. Yamaha Motor Co. Ltd.*, 2014 WL 12577429, at *6 (C.D. Cal. Aug. 27, 2014) (dismissing complaint for lack of jurisdiction where plaintiff's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  allegations regarding defendant's "connections to California [were] conclusory and
2  unsupported by facts").

3  ### 2.   The alleged harm was not suffered in California

4  Plaintiffs' Complaint fails to satisfy the final prong of the effects test, that the
5  conduct caused harm defendant knew was "likely to be suffered in the forum state."
6  *Axiom Foods Inc.*, 874 F.3d at 1069.  While the brunt of the harm need not occur in
7  the forum state, *some* harm must be suffered there.  *See Yahoo! Inc. v. La Ligue*
8  *Contre Le Racisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (The Ninth Circuit requires
9  that "a jurisdictionally sufficient amount of harm is suffered in the forum state").

10  In *Sequeira v. Republic of Nicaragua*, the Central District found that the third
11  prong of the effects test, aimed at foreseeable harm, was not met because the
12  plaintiff did "not allege *any* harm was suffered in California."  *Sequeira v. Republic*
13  *of Nicaragua,* No. CV 13-04332 DMG (FFMx), No. CV1304332DMGFFMX, 2013
14  WL 12421731, at *5 (C.D. Cal. Nov. 18, 2013).

15  Like in *Sequeira*, Plaintiffs here do not allege any harm was suffered in the
16  California.  Fletcher alleges Foley sexually assaulted her "after a training camp,"
17  forcibly kissed her "as she was exiting a postrace event," and approached her "at a
18  postrace event in Turin, Italy."  (Compl. ¶¶ 65, 67, 70.)  O'Malley alleges Foley
19  groped her and tried to forcibly kiss her "after a competition" at an unspecified
20  location.  (*Id.* ¶ 85.)  Finally, Sifsof does not allege any conduct undertaken by
21  Foley occurred in California or that any harm was suffered in the State.  Rather, the
22  only location where Sifsof's alleged harm occurred was in Zermatt, Switzerland, at
23  the hands of a non-Defendant.  (*Id.* ¶¶ 108-110.)  Plaintiffs make no connection
24  between the harm and California.

25  ### C.   The Fiduciary Shield Doctrine Protects Foley Because Any Of His
26  ###     Contact With California Was Solely As The Head Coach

27  This Court does not have personal jurisdiction over USSS, but even if it did,
28  this Court cannot exercise personal jurisdiction over Foley based solely on this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Court's possible jurisdiction over his former employer, USSS.  "[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him.  *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1109 (9th Cir. 2020) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984)).  Under the fiduciary shield doctrine, a nonresident individual cannot be subjected to personal jurisdiction of a court based solely upon acts in the forum state undertaken in his corporate capacity.  *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012).

Here, this Court cannot exercise personal jurisdiction over USSS.  (*See* USSS Motion to Dismiss, filed concurrently herewith.)  Moreover, as described hereinabove, Foley does not have sufficient minimum contacts with California to individually subject him to the Court's personal jurisdiction, and Plaintiffs do not allege that any bad acts by Foley occurred in California.  Foley's minimal contact with California occurred only in his capacity as the head coach for the United States Snowboard Team when he was in the state for training camps or competitions, (Foley Decl.).  Therefore, Foley cannot be subjected to personal jurisdiction based solely on acts undertaken as a coach in California and he may avail himself of the fiduciary shield doctrine (and Plaintiffs make no allegations relating to or arising out of such minimal contact, in any event).

Taken together, the fiduciary shield doctrine and the Court's lack of both general jurisdiction and specific jurisdiction compel a finding that this Court does not have personal jurisdiction over Defendant Foley.  Accordingly, Plaintiffs' Complaint against Foley should be dismissed with prejudice in its entirety under Rule 12(b)(2).

## IV.  DISMISSAL FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER FRCP 12(B)(6)

Each Count against Foley (Counts One through Fourteen, and Sixteen) should be dismissed because Plaintiffs fail to state a claim under Rule 12(b)(6) and/or under

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Rule 12(b)(1) for lack of standing.  Foley joins USSS' Motion as to Counts One,

2    Two, Three, Eight, Nine, and Sixteen.

3        Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a

4    cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable

5    legal theory.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.

6    2008).

7        In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the

8    contents of the complaint and material properly submitted with the complaint.  *Van

9    Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002);  *Hal Roach

10   Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990).

11   Under the incorporation by reference doctrine, the court may also consider documents

12   "whose contents are alleged in a complaint and whose authenticity no party questions,

13   but which are not physically attached to the pleading."  *Branch v. Tunnell*, 14 F.3d

14   449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cty. of Santa

15   Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002).

16       Additionally, a court may consider items of which it may take judicial notice.

17   *Barron v. Reich*, 12 F.3d 1370, 1377 (9th Cir. 1994).  In fact, a court may consider

18   matters of public record without converting a motion to dismiss into a request for

19   summary judgment.  *See Stone v. Writers' Guild of America West, Inc.*, 101 F.3d

20   1312, 1314 (9th Cir. 1996); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.

21   2001).

22   **A.**    **California Law Does Not Apply To Plaintiff's Claims Because The**
23           **Alleged Acts Did Not Occur In California**

24       Plaintiffs claim their action is timely under California Civil Code Section

25   340.16 ("Section 340.16") and further bring counts Four for Sexual Battery under

26   Civil Code Section 1708.5 and Fourteen for Sexual Harassment under California

27   Civil Code Section 51.9 ("Section 51.9") under California statutory law.

28       California's borrowing statute controls the applicable statute of limitations in

the present action.  Cal Code Civ. Proc. Section 361 "prevents non-residents from prosecuting an action in a California court where such action would be barred under the statute of limitations of the jurisdiction whose law would otherwise govern." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1189 (9th Cir. 2009) (citing Cal Code Civ. Proc. § 361). "[A]s a matter of policy, there is no sound reason why an obligee should be entitled to recover in the forum if his action has been fully barred by the law of the state in which it arose." *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 947 (9th Cir. 2018) (internal quotations omitted).

Statutes of limitations are the legislative enactment of a public policy "designed to promote justice and prevent the assertion of stale claims after the lapse of long periods of time." *McGee v. Weinberg*, 97 Cal.App.3d 798, 804 (Cal. Ct. App. 1979).  As the Supreme Court explained in *Order of R. Telegraphers v. Railway Express Agency, Inc.*, "[t]he theory is that even if one has a just claim, it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." 321 U.S. 342, 349 (1944); *see also Duran v. St. Luke's Hospital*, 114 Cal.App.4th 457 (Cal. Ct. App. 2003) (statute of limitations strictly enforced even though plaintiff was only one day late due to $3 deficiency in court filing fee).

Here, Plaintiffs Sifsof and Fletcher are not citizens of California.  (Compl. ¶¶ 14, 16.)  Furthermore, in their 61-page Complaint, Plaintiffs fail to allege a single act that occurred in California.  Rather, in the limited instances that Plaintiffs do allege where an act occurred, it is in Zermatt, Switzerland and Turin, Italy.  (*Id.* ¶¶ 70, 108.)  Because Plaintiffs Sifsof and Fletcher are non-residents attempting to prosecute an action arising in another state in California court, they may not avail themselves of the extended statute of limitations provided for in Section 340.16, under which they claim their action is timely.[3]  In fact, it is against public policy for

---

[3] Foley joins USSS' Motion as to the inapplicability of Section 340.16.  (*See* USSS (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

them to do so.  Therefore, the Court must apply the relevant statute of limitations of the jurisdiction(s) in which the actions allegedly occurred.

### 1.   Even if California law does apply, California Civil Procedure Code § 340.16 does not revive Plaintiffs' claims

Even if this Court finds California law applies to the present action, Section 340.16 does not revive Plaintiffs' claims.  Even if it did, the ten-year statute of limitations in Section 340.16 has expired.

Cal. Code Civ. Proc. § 340.16 provides:

> (a) In any civil action for recovery of damages suffered as a result of sexual assault, where the assault occurred on or after the plaintiff's 18th birthday, the time for commencement of the action shall be the later of the following:
> > (1) Within 10 years from the date of the last act, attempted act, or assault with the intent to commit an act, of sexual assault against the plaintiff.
> > (2) Within three years from the date the plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act, attempted act, or assault with the intent to commit an act, of sexual assault against the plaintiff.
> (b)(3) This section applies to any action described in subdivision (a) that is based upon conduct that occurred on or after January 1, 2009 …

### (a)   Fletcher's claims are not revived by Section 340.16

As discussed hereinabove, the conduct underlying Fletcher's claims occurred during her time competing for the Team and, therefore, could not have accrued after the date of Fletcher's last competition on March 26, 2006.  (FIS Fletcher.)

As stated above, Section 340.16 revives claims "based upon conduct that occurred on or after January 1, 2009."  Because Fletcher's claims are based upon conduct that occurred at the latest in March 2006, her claims are categorically *not*

Motion, filed concurrently herewith.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  based upon conduct occurring on or after January 1, 2009.  Therefore, Fletcher's

2  claims are not revived under Section 340.16.

3      Even if they were revived under Section 340.16, Fletcher's claims were filed

4  outside the applicable statute of limitations.  The ten-year limitations period would

5  have expired ten-years after Fletcher's last competition: March 26, 2016.  (*See* FIS

6  Fletcher.)  Plaintiffs did not file suit until February 2, 2023.  Therefore, even if

7  Fletcher's claims are revived under Section 340.16, they fall outside of the statute of

8  limitations set forth in Section 340.16(a)(1).

9      Therefore, because the statute of limitations in Section 340.16 does not apply,

10  the applicable statute of limitations expired pursuant to Section 335.1, discussed

11  below.

12          **(b)    O'Malley's claims are not revived by Section 340.16**

13      As discussed hereinabove, the conduct underlying O'Malley's claims

14  occurred during her time competing for the Team and, therefore, could not have

15  accrued after her retirement in 2003.  (Compl. ¶ 78.)  Because O'Malley's claims

16  are based upon conduct that occurred at the latest in 2003, her claims are

17  categorically *not* based upon conduct occurring on or after January 1, 2009.

18  O'Malley's claims are not revived under Section 340.16.

19      Even if they are revived under Section 340.16, the ten-year statute of

20  limitations would begin to run upon accrual which, as discussed above, occurred no

21  later than 2003.  Therefore, the 10-year limitations period would have expired in

22  2013, well before Plaintiff's filed the present lawsuit on February 2, 2023.

23      Therefore, because the statute of limitations in Section 340.16 does not apply,

24  the applicable statute of limitations expired pursuant to Section 335.1, as discussed

25  below.

26          **(c)    Sifsof's claims are not revived by Section 340.16**

27      "Civil actions, without exception, can only be commenced within the periods

28  described in this title…"  Cal. Code Civ. Proc. § 312.  As quoted above, Section

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

340.16 provides an extended ten-year statute of limitations for recovery of damages suffered as a result of sexual assault. Cal. Code Civ. Proc. § 340.16(a). Therefore, in order to avail herself of the statute of limitations in Section 340.16, Sifsof would have to allege a sexual assault under this Section. In the 61-page Complaint, Sifsof fails to bring a cause of action under Section 340.16. A plaintiff cannot avail themselves of a statute of limitations for a cause of action they did not bring.

### B.   Plaintiffs' Claims Against Foley are Inescapably Time-Barred

In tort actions, the statute of limitations period begins to run once claims accrue, or "upon the occurrence of the last element essential to the cause of action." *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 187 (1971). Claims accrue under federal law when "the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citing *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000)).

### 1.   Even if California law does apply, Plaintiff's claims are time-barred

Plaintiffs' fourth through seventh, tenth through twelfth, and fourteenth causes of action, if subject to California law at all, are subject to the statute of limitations set forth in Cal. Code Civ. Proc. § 335.1 ("Section 335.1"). Section 335.1 sets forth a limitation period of two years for actions "for assault, battery, or injury to […] an individual caused by the wrongful act or neglect of another."[4]

(a)   Fletcher's claims for sexual battery, battery, assault,

---

[4] *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (applying Section 335.1 to assault and battery claims); *see also Soliman v. CVS RX Servs.*, 570 F. App'x 710, 711 (9th Cir. 2014) (applying Section 335.1 to intentional infliction of emotional distress claims); *see also W. Shield Investigations & Sec. Consultants v. Superior Court*, 82 Cal. App. 4th 935, 953, 98 Cal. Rptr. 2d 612, 624 (2000) (applying a personal injury statute of limitations to Section 59 claims because the Unruh Act merely codified existing common law.).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1                        *sexual harassment, and intentional infliction of emotional*

2                        *distress are time-barred*

3        All conduct alleged by Fletcher occurred during her time competing for the

4 Team: Fletcher alleges Foley digitally penetrated her without her consent when she

5 was 19 years old (thus in 1994 or 1995). (Compl. ¶¶ 65-66.) Secondly, "on a

6 separate occasion" Foley allegedly forcibly kissed Fletcher without her consent "as

7 she was exiting a postrace event." (*Id.* ¶ 67.) Plaintiffs neglect to allege the date on

8 which this event occurred. Finally, Foley allegedly told Fletcher he remembered

9 how she was breathing at the 2006 Winter Olympics in Turin, Italy allegedly

10 referring to the 1994-1995 incident. (*Id.* ¶ 70.) Because all conduct occurred during

11 her time competing with the Team, her causes of action could not have accrued after

12 the date of her last competition on March 26, 2006. (FIS Fletcher.) Therefore, at

13 the latest, Fletcher's time to file an action would expire on March 26, 2008, years

14 before Plaintiffs filed suit on February 2, 2023.

15                (b)      <u>O'Malley's claims for sexual battery, battery, assault,</u>

16                        <u>sexual harassment, and intentional infliction of emotional</u>

17                        <u>distress are time-barred</u>

18        Similarly, all conduct alleged by O'Malley occurred during her time

19 competing for the Team: O'Malley alleges Foley groped her and tried to forcibly

20 kiss her "after a competition" on an unspecified date. (Compl. ¶ 85.) By Plaintiffs

21 own admission, O'Malley retired in 2003. (*Id.* ¶ 78.) Because all conduct allegedly

22 occurred during her time competing with the Team, O'Malley's claims could have

23 accrued no later than 2003. Under the two year statute of limitations, O'Malley's

24 time to file an action would expire on 2005, years before Plaintiffs filed suit on

25 February 2, 2023.

26                (c)      <u>Sifsof's claims for sexual harassment and intentional</u>

27                        <u>infliction of emotional distress are time-barred</u>

28        Just as Fletcher and O'Malley, all conduct alleged by Sifsof occurred during

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

her time competing for the Team.  Sifsof competed for the Team until 2014.  (*Id.* ¶ 97.)  Because all conduct allegedly occurred during her time competing with the Team, Sifsof's claims could have accrued no later than January 12, 2014.  Under the two-year statute of limitations, Sifsof's time to file an action would have expired on January 12, 2016, years before Plaintiffs filed suit on February 2, 2023.

## 2. Plaintiff's claims are not tolled

Plaintiffs erroneously allege their claims are tolled.  Equitable estoppel applies to statutes of limitations where a "defendant's act or omission actually and reasonably induced the plaintiff to refrain from filing a timely suit." *Doe v. Marten*, 49 Cal. App. 5th 1022, 1028 (2020).  The act or omission "must involve a misrepresentation or nondisclosure of a material fact bearing on the necessity of bringing a timely suit. *Id.*  Equitable estoppel "halts the statute of limitations when there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (internal quotations omitted).

In cases of sexual abuse, a defendant is estopped from raising the statute of limitations defense if "the defendant engages in 'unconscionable acts' such as threats, intimidation, coercion, or misrepresentations to deter the plaintiff from filing a claim." *Bianco v. Warner*, 562 F. Supp. 3d 526, 533 (C.D. Cal. 2021) (citing *Ortega v. Pajaro Valley Unified Sch. Dist.*, 64 Cal.App.4th 1023, 1048 (1998).

O'Malley claims she "did not report the assault until March of 2022 as a direct and proximate result of the [sic] Foley's manipulation and intimidation, the affirmative steps that he took during the abuse to keep her silent, and the affirmative steps the Foley Sexual Abuse and Cover Up Enterprise and the USSS took in order to prevent [her] from reporting Foley's misconduct" which "deprived [her] of the opportunity to commence this lawsuit before now." (Complaint ¶ 93-94.)  Sifsof's "delayed public reporting" in February 2022 for the same reasons cited by O'Malley above. (Complaint ¶ 120-121.)  Finally, for the same reasons, Fletcher "did not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  pursue remedies until now." (¶ 74-75.)

2      However, Plaintiffs makes no allegation that Foley failed to disclose or

3  misrepresented a material fact.  Additionally, no specific threats or other efforts to

4  silence Plaintiffs are alleged.  In fact, Plaintiffs fail to allege any conduct by Foley

5  other than the primary conduct for which they hope to hold him liable.  Even if

6  Plaintiff were to argue that there does not need to be a factual misrepresentation, and

7  outrageous conduct is enough, Plaintiff's complaint fails to allege any outrageous

8  conduct by Foley beyond the primary conduct of the Complaint.

9      Without a misrepresentation or nondisclosure of material fact and without the

10  conduct alleged above and beyond the primary conduct described, Plaintiff's claims

11  cannot be tolled.

12  **C.    Plaintiffs Fail To State Facts Sufficient To Support A Claim For**

13  **Defamation**

14      In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),

15  Plaintiffs must be able to make a prima facie case of defamation.  A prima facie case

16  of defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d)

17  unprivileged, and that (e) has a natural tendency to injure or that causes special

18  damage." *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007); *Cornell v. Berkeley Tennis

19  Club*, 18 CA5th 908, 946 (2017).  Where the defamed person is a public figure, they

20  must show actual malice.  *Reader's Digest Assn. v. Superior Court*, 37 Cal.3d 244,

21  256 (1984); *New York Times Co. v. Sullivan*, 376 U.S. 254, 285–286 (1964).

22      Plaintiff alleges two sets of defamatory statements.  The first statements were

23  made on February 11, 2022, by Foley "to the media and public" that he "was totally

24  surprised by the allegations" and "vehemently den[ies] the allegations" (hereinafter

25  "February 11 Statements").  (Compl. ¶ 180.)  The second set of allegedly

26  defamatory statements were made by Jacobs' on March 20, 2022, and state, in full,

27  "[a]ny allegations of sexual misconduct being made against him are false.  Mr.

28  Foley has not engaged in any conduct that violates the SafeSport Code, and he will

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

93920099.10                                              19
DEFENDANT FOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2)
AND 12(B)(6)

1  cooperate with the U.S. Center for SafeSport when and if they contact him"

2  (hereinafter "March 20 Statements").  (ESPN Article.)

3  **1.    Plaintiffs cannot make out a prima facie case of defamation**

4  (a)    General denials of misconduct are not tantamount to

5  defamation

6  "Statements made prior to the commencement of judicial proceedings are

7  absolutely privileged if made in connection with possible litigation." *Jones v.*

8  *Clinton*, 974 F. Supp. 712, 730 (E.D. Ark. 1997).  This is true for statements by an

9  attorney or the party to the possible litigation.  *Id.*  The court must consider "(1)

10  whether the statements of which plaintiff complains were made prior to possible

11  litigation, and (2) whether these statements can be said to have some connection

12  with the possible litigation." *Id.* at 731.

13  In *Jones v. Clinton*, the court found that the general denial made by the

14  defendant was in response to possible litigation where the defendant responded "to

15  the plaintiff's allegations and hired an attorney" and the lawsuit there soon followed.

16  *Id.*  Furthermore, the *Jones* court found that the statements had some connection to

17  possible litigation "as they did not go beyond that of simply responding to plaintiff's

18  allegations with a general denial and questioning her motives." *Id.*  The court went

19  further to say that the statements that the plaintiff claimed were defamatory were

20  essentially the same statements contained in the defendant's answer to the complaint

21  which are undisputedly absolutely privileged. *Id.*

22  Here, like in *Jones v. Clinton*, Foley made a general denial on February 11,

23  2022, following Sifsof's allegations and hired Jacobs' thereafter who made

24  additional general denials on March 20, 2022.  Plaintiffs' filed complaints with

25  SafeSport in March 2020 after Sifsof's initial allegations and the present lawsuit

26  thereafter.  Moreover, the February 11 and March 20 Statements do not go beyond a

27  general denial of Plaintiffs allegations and are essentially what could be held in

28  Foley's forthcoming answer to the complaint.  Therefore, Foley's statements on

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   February 11 and March 20 are absolutely privileged and cannot be the basis of a

2   claim for defamation.

3           (b)      Foley's Statements do not amount to a publication because

4                    they cannot be understood as referring to Plaintiffs

5           A "publication" for purposes of a prima facie case of defamation is a

6   "communication to some third person who understands both the defamatory

7   meaning of the statement and its application to the person to whom reference is

8   made." *Ringler Assocs. Inc. v. Md. Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (2000)

9                    (i)      *The February 11 Statements cannot be understood*

10                            *as referring to Plaintiffs*

11          Fletcher and O'Malley cannot make out a prima facie case of defamation as to

12  the February 11 Statements.  The February 11 Statements cannot possibly be

13  understood as referring to Fletcher and O'Malley because they were made before

14  either Plaintiff made any allegations against Foley.  O'Malley "did not report the

15  assault until March of 2022," when she reported to SafeSport.  (Compl. ¶¶ 93, 147.)

16  Fletcher "did not pursue legal remedies until now," referring to the present case.

17  (Compl. ¶ 74.)  Therefore, Foley's February 11 statements cannot possibly be

18  understood by a third party to be referring to Fletcher and O'Malley because they

19  had not yet made any allegations against Foley.  Therefore, Foley's February 11

20  statements cannot constitute defamation as to them.

21          Additionally, the February 11 Statements cannot be understood as referring

22  to Sifsof.  The Instagram post, not quoted in the Complaint, contains a variety

23  allegations against multiple actors for multiple bad acts.  Neither of Foley's

24  February 11 Statement names Sifsof, nor do they make any mention of the bad acts

25  alleged by her.  The Statements do not, as Plaintiffs claim, "directly stat[e]" that

26  Plaintiffs "acted with fraud, dishonesty, and unfitness for the task." (*Id.* ¶ 325.)

27  They cannot possibly be understood "as making specific factual claims that

28  Plaintiffs were lying about specific facts." (*Id.* ¶ 327.)  A general denial is not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   enough to amount to a claim for defamation.  The Statements do not comment on
2   Sifsof or the facts underlying her allegations, they instead state Foley's reaction to
3   the allegations and that he denies the characterizations of the allegations Sifsof made
4   in her Instagram allegations.

5             (ii)    *The March 20 Statements cannot possibly be*
6                     *understood as referring to Plaintiffs*

7          The second statements Plaintiffs allege were defamatory were made *before*
8   Fletcher brought her claims against Foley.  (ESPN Article.)  The very ESPN article
9   Plaintiffs rely on for their defamation claim does not mention Fletcher by name.  In
10  fact, Fletcher, at the time of the March 20 Statements, "spoke on the condition her
11  name not be used."  (*Id.*)  Therefore, the March 20 Statements cannot constitute
12  defamation as to Fletcher.

13         For the same reasons the February 11 Statements cannot be understood as
14  referring to Sifsof, the March 20 Statements cannot be understood as referring to
15  Sifsof or O'Malley.  The March 20 Statements vaguely deny the characterization of
16  misconduct or that Foley engaged in conduct that would have violated the SafeSport
17  code.  Again, the Statements make no mention of Plaintiffs, or the facts underlying
18  their allegations.  Therefore, neither set of statements can be understood as referring
19  to Plaintiffs.

20             (c)    <u>Foley did not make a false statement of fact</u>

21         Courts consider the totality of the circumstances in assessing the falsity of a
22  statement.  *Reed v. Gallagher*, 248 Cal.App.4th 841, 856 (2016).  The totality of the
23  circumstances include words used, the context of the publication, its nature and
24  content, and audience knowledge and understanding, to determine whether or not
25  there is a provably false factual assertion.  *ZL Techs., Inc. v. Does 1–7*, 13 Cal. App.
26  5th 603, 624-25 (2017).  Only false statements of fact, not of opinion, are actionable
27  under defamation; opinions enjoy First Amendment protections.  *Gregory v.*
28  *McDonnell Douglas Corp.* 17 Cal.3d 596, 601 (1976).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Where the statements are "of ambiguous meaning, or innocent on their face

2   and defamatory only in the light of extrinsic circumstances, the plaintiff must plead

3   and prove that as used, the words had a particular meaning, or 'innuendo' which

4   makes them defamatory." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999).

5   Where the statements are ambiguous, "the plaintiff must also allege the extrinsic

6   circumstances which show the third person reasonably understood it in its

7   derogatory sense." *Id.* at 646.  "Because, by definition, an accurate and

8   unambiguous statement of true facts cannot under any circumstances convey a

9   defamatory meaning, no innuendo can make such a statement defamatory as a

10  matter of law." *Id.* at 650 (citing *Washer v. Bank of Am. Nat'l Tr. & Sav. Asso.*, 21

11  Cal. 2d 822, 828 (1943).).

12       Neither February 11 Statement can be considered a false statement of fact.

13  The first statement was that Foley "was totally surprised by the allegations."

14  (Compl. ¶ 180.)  That Foley was "surprised" cannot be understood as a fact.  It is

15  Foley's subjective reaction to allegations that came out *before* Plaintiffs Fletcher

16  and O'Malley made any allegations of their own against Foley.  Secondly, that

17  Foley "vehemently den[ies] the allegations" (*Id.*) is a statement that is innocent on

18  its face (Compl. ¶ 127.) for the same reasons as the March 20 Statements outlined

19  below.

20       Furthermore, the March 20 Statements are innocent on their face.  As

21  described above, the March 20 Statements are general denials of misconduct that do

22  not comment on Plaintiffs or the facts underlying their reports, the Statements

23  specifically deny misconduct or conduct that would have violated the SafeSport

24  code.  Plaintiffs offer no facts that suggest the words had a particular innuendo that

25  made them defamatory.  Therefore, the March 20 Statements cannot be understood

26  to be a publication.

27           (d)    Foley's statements do not injure or cause special damages

28       "Has a natural tendency to injure or cause special damage" for purposes of a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

prima facie case of defamation means financial harm or harm to reputation. "Special damages" is defined as "all damages that plaintiff alleges and proves that he or she has suffered in respect to his or her property, business, trade, profession, or occupation, including the amounts of money the plaintiff alleges and proves he or she has expended as a result of the alleged libel, and no other." Cal. Civ. Code § 45(d)(2).

Again, the February 11 Statements could not possibly have had a tendency to injure Plaintiffs or cause them special harm because they were made *before* Plaintiffs Fletcher and O'Malley made any allegations against Foley.

The March 20 statements cannot be understood to have a tendency to injure Plaintiffs or cause them special harm. The March 11 Statements were made while Fletcher was still anonymous. Additionally, as described above, the March 20 statements are general statements of denial that deny Plaintiffs' characterizations of the events as misconduct. A general statement of denying misconduct that does not mention Plaintiffs cannot be understood as having a tendency to impact their property, business, trade, profession, or occupation. Furthermore, Plaintiffs do not claim that they do. Therefore, neither the February 11 nor the March 20 Statements can amount to a prima facie claim for defamation.

### 2. **Howard Jacobs' statements to the press are not defamatory because they were made in reply to adverse publicity**

A lawyer has a general right of reply in exception to the general rule's prohibition. Under the California Rules of Professional Conduct, Rule 3.6(c), "a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client." Such a statement "shall be limited to such information as is necessary to mitigate the recent adverse publicity." *Id.*

Here, the publicity was not initiated by Jacobs or Foley. Rather, it was initiated by Callan Chythlook-Sifsof's February 2022 social media post on

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Instagram "expos[ing] Foley's sexual misconduct, including reports of Foley having taken naked photos of female athletes and employees for decades, making sexual explicit comments, and other abuse." (Compl. ¶ 124.)  Jacobs' statements were made approximately one month thereafter on March 20, 2022 (*Id.* at ¶ 129) and after USSS released a statement on March 20, 2022 that "Foley was terminated by the organization after reports surfaced of his contribution to a 'toxic culture among the team in the workplace where certain athletes were favored over others.'" (Compl. ¶ 151.)

A statement alleged to be defamatory must be taken as a whole.  *See Balzaga v. Fox News Network, LLC*, 173 Cal. App. 4th 1325, 1338 (2009) (quoting *Kaelin v. Globe Communs. Corp.*, 162 F.3d 1036, 1040 (9th Cir. 1998)) ("[A] defamatory meaning must be found, if at all, in a reading of the publication as a whole." "Defamation actions cannot be based on snippets taken out of context.").  The March 11 Statements merely state Foley's denial of misconduct and his willingness to cooperate with SafeSport in their investigation.  The allegedly defamatory statements are in response to recent publicity of his suspension pending an investigation by SafeSport into the allegations against him.  (*See* Compl. ¶ 151.)

## V.   <u>CONCLUSION</u>

Therefore, for all of the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

DATED:  April 24, 2023           LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    /s/ Meghan McCord
_____
JEFFREY S. RANEN
MEGHAN E. McCORD
PAIGE T. RIVETT
Attorneys for Defendant Peter Foley

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2      The undersigned, counsel of record for Defendant Peter Foley, certifies that

3  this brief is 25 pages, which complies with paragraph G.4 of the Court's Standing

4  Order for Civil Cases dated February 10, 2023.

5

6  DATED:  April 24, 2023          LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8

9                    By:      /s/ Meghan McCord

10                        JEFFREY S. RANEN
                         MEGHAN E. McCORD
11                        PAIGE T. RIVETT
                         Attorneys for Defendant Peter Foley
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

