**O'HAGAN MEYER** LLC
MEGHAN E. McCORD, SB# 242281
  E-Mail: MMcCord@ohaganmeyer.com
PAIGE T. RIVETT, SB# 348351
  E-Mail: PRivett@ohaganmeyer.com
550 S. Hope St., Suite 2400
Los Angeles, California 90071
Telephone: 213.647.0082

Attorneys for Defendant PETER FOLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEY FLETCHER, ERIN O'MALLEY, AND CALLAN CHYTHLOOK-SIFSOF,<br><br>         Plaintiffs,<br><br>    vs.<br><br>PETER FOLEY, GALE "TIGER" SHAW III, AND UNITED STATES SKI & SNOWBOARD,<br><br>         Defendants. | Case No. 2:23-cv-00803 SPG(JPRx)<br><br>[Hon. Sherilyn Peace Garnett]<br><br>**DEFENDANT PETER FOLEY'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[*Filed concurrently with Defendant Peter Foley's Joinder in Defendant United States Ski & Snowboard's Reply in Support of Motion to Dismiss First Amended Complaint*]<br><br>Date:          October 25, 2023<br>Time:          1:30 p.m.<br>Courtroom:    5C<br><br>Complaint Filed: February 2, 2023 |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................... 1

II. PLAINTIFF IMPROPERLY ADDRESSES THE SAFESPORT DECISION DESPITE ITS CONFIDENTIAL NATURE AND THE FACT THAT SHE DOES NOT ADDRESS IT IN THE FAC ........................ 2

III. PLAINTIFF FAILS TO IDENTIFY ANY FACTS IN HER FAC TO REFUTE THIS COURT'S LACK OF PERSONAL JURISDICTION OVER PETER FOLEY ............................................................................. 3

    A. Plaintiff Cannot Establish California's General Jurisdiction Over Peter Foley Because He Is Not At Home In California. ..................... 3

    B. Plaintiff Cannot Establish California's Specific Jurisdiction Over Peter Foley. ...................................................................................... 4

        1. Plaintiff fails to establish Peter Foley had minimum contacts with California. ........................................................ 5

        2. Plaintiff fails to establish her claims arose out of Peter Foley's California related activities and does not meet her pleading burden. ......................................................... 9

        3. California's jurisdiction over Peter Foley is not reasonable. ....................................................................... 10

    C. Jurisdictional Discovery Is Unwarranted. ............................................ 11

IV. THE COUNTS AGAINST FOLEY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER FRCP 12(B)(6). ........................................................ 11

    A. Plaintiff's Section 340.16 Claim Fails To State A Claim and Does Not Revive Time-Barred Claims. .................................................. 12

    B. Counts Five, Seven Through Ten, And Twelve Cannot Be Brought Under California Law And Are Time Barred. ......................... 13

    C. Counts Two And Four Fail To State A Claim And Are Inescapably Time Barred. .................................................................. 14

    D. Plaintiff Cannot Demonstrate Her Claims Are Subject To Equitable Tolling. .......................................................................... 16

    E. Count Thirteen Fails To State Facts Sufficient To Support A Claim For Defamation. ....................................................................... 17

        1. There was no publication. ........................................................ 17

        2. Foley's statements are not defamatory because they are general denials of misconduct. ................................................ 18

1          3.      Plaintiff fails to allege special damages. .................................... 20

2   V.    CONCLUSION ................................................................................. 20

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)................................................................................................7

*Axiom Foods, Inc. v. Acerchem International, Inc.,*
  874 F.3d 1064 (9th Cir. 2017) ..........................................................................5, 10

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County,*
  582 U.S. 255 (2017)..........................................................................................4, 7, 9

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985)..........................................................................................5, 10

*Calder v. Jones,*
  465 U.S. 783 (1984)................................................................................................5

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014)................................................................................................1

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014)................................................................................................4

*Ditullio v. Boehm,*
  662 F.3d 1091 (9th Cir. 201) ..............................................................................15

*Doe v. Unocal Corp.,*
  248 F.3d 915 (9th Cir. 2001) ................................................................................8

*Dole Food Co. v. Watts,*
  303 F.3d 1104 (9th Cir. 2002) ..............................................................................6

*Edwards v. Maxwell*
  No. 15-cv-07433-RWS, EFC No. 37 (SDNY Feb. 29, 2016)..............................19

*Evans v. All. Funding*
  2010 WL 11482495 (C.D. Cal. Dec. 13, 2010).....................................................16

*Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*,
  907 F.2d 911 (9th Cir. 1990) ................................................................. 6

*Ferlauto v. Hamsher*,
  74 Cal.App.4th 1394 (1999) ............................................................... 18

*GetFugu, Inc. v. Patton Boggs LLP*,
  220 Cal.App.4th 141 (2013) ............................................................... 18

*Gregory v. McDonnell Douglas Corp.*,
  17 Cal.3d 596 (1976) ......................................................................... 18

*Grober v. Mako Products, Inc.*,
  686 F.3d 1335 (Fed. Cir. 2012) ............................................................ 8

*Guerrero v. Gates*,
  442 F.3d 697 (9th Cir. 2006) ......................................................... 16, 17

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984)............................................................................. 3

*Huett v. Weinstein Company LLC*
  2018 WL 6314159 (C.D. Cal. Nov. 5, 2018) ...................................... 16

*Hughes Aircraft Co. v. United States ex rel. Schumer*,
  520 U.S. 939 (1993)........................................................................... 15

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945)............................................................................. 9

*Jacobs v. The Oath for Louisiana, Inc.*,
  221 So.3d 241 (La. App. 4 Cir. 2017) ................................................ 19

*Jones v. Blanas*,
  393 F.3d 918 (9th Cir. 2004) .............................................................. 14

*LNS Enterprises LLC v. Continental Motors, Inc.*,
  22 F.4th 852 (9th Cir 2922) ............................................................... 11

*New York Times Co. v. Sullivan*,

DEFENDANT FOLEY'S REPLY IN SUPPORT OF MOTION TO DISMISS FAC

1  376 U.S. 254 (1964)..................................................................................................19

2  *Norsoph v Riverside Resort & Casino, Inc.*,

3  2020 WL 641223 (D. Nev. May 21, 2020) ...........................................................15

4  *Novak v. United States*,

5  795 F.3d 1012 (9th Cir. 2015) ...............................................................................12

6  *Order of R. Telegraphers v. Railway Express Agency, Inc.*,

7  321 U.S. 342 (1944)................................................................................................12

8  *Owino v. CoreCivic, Inc.*,

9  2018 WL 2193644 (S.D. Cal. May 14, 2018) .......................................................15

10  *Pebble Beach Co. v. Caddy*,

11  453 F.3d 1151 (9th Cir. 2006) ...............................................................................11

12  *Perkins v. Benguet Consol. Mining Co.*,

13  342 U.S. 437 (1952)..................................................................................................4

14  *Picot v. Weston*,

15  780 F.3d 1206 (9th Cir. 2015) .................................................................................5

16  *Porter v. Saar*,

17  260 A.D.2d 165 (N.Y. App. Div. 1999) ................................................................19

18  *Ringler Assocs. Inc. v. Md. Cas. Co.*,

19  80 Cal. App. 4th 1165, 1179 (2000) ......................................................................17

20  *Riot Games v. John Does 1-10*,

21  2022 WL 18358951 (C.D. Cal. 2022) .....................................................................8

22  *Schwarzenegger v. Fred Martin Motor Co*,

23  374 F.3d 797 (9th Cir. 2004) ...................................................................................5

24  *Sher v. Johnson*,

25  911 F.2d 1357 (9th Cir. 1990) .................................................................................8

26  *Shields v. FINA*,

27  419 F. Supp. 3d 1188 (N.D. Cal. 2019)...................................................................8

28  *Skout, Inc. v. Jen Processing, Ltd.*,

2015 WL 224930 (N.D. Cal. 2015) ........................................................ 8

*Soliman v. CVS RX Servs.*,

570 F. App'x 710 (9th Cir. 2014) ........................................................ 14

*Swartz v. KPG* LLP,

476 F.3d 756 (9th Cir. 2007) .............................................................. 6

*Taylor v. Portland Paramount Corp.*,

383 F.2d 634 (9th Cir. 2007) .............................................................. 4

*Van Buskirk v. Cable News Network, Inc.*,

284 F.3d 977 (9th Cir. 2002) .............................................................. 3

*W. Shield Investigations & Sec. Consultants v. Superior Court*,

82 Cal. App. 4th 935 (2000) ............................................................. 14

*Walden v. Fiore*,

571 U.S. 277, 286 (2014) ......................................................... 9, 10, 11

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,

433 F.3d 1199, 1206 (9th Cir. 2006) ................................................ 5, 7

**Statutes**

18 U.S.C. § 1595 ................................................................................ 2

Cal. Civ. Code § 45 .......................................................................... 20

Cal. Penal Code § 27 ....................................................................... 13

California Code of Civil Procedure section 335.1 ............................... 14

California *Code of Civil Procedure* section 340.16 ............... 1, 12, 13, 15

Cal. Civ. Proc. Code § 361 .......................................................... 12, 14

Fed. R. Civ. Proc. 9(g) ..................................................................... 20

*Federal Rule of Civil Procedure* 12(b)(2) ............................................ 1

Section 1595 .................................................................................... 15

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

Plaintiff's First Amended Complaint ("FAC") and Opposition to Peter Foley's Motion to Dismiss First Amended Complaint ("Opposition" or "Opp.") make clear that no underlying act alleged in the FAC occurred in California. Despite that fatal flaw, Plaintiff erroneously argues Peter Foley ("Foley") is subject to both general and specific personal jurisdiction in California.  Plaintiff fails to establish Foley is in any way "at home" in California or has sufficient minimum contacts to for the state to establish specific jurisdiction over him.  To find otherwise would be contrary to general jurisdiction's well-established precedent set forth in *Daimler AG v. Bauman*, 571 U.S. 117 (2014).  Moreover, Plaintiff cannot establish jurisdiction over Foley under RICO's nationwide service provision because USSS is also not subject to jurisdiction in California.  Foley hereby joins in Defendant United States Ski & Snowboard's ("USSS") Reply In Support of Motion to Dismiss First Amended Complaint ("USSS Reply") as to RICO's nationwide service provision.  (USSS Reply at III.C.)  Therefore, this case should be dismissed under *Federal Rule of Civil Procedure* 12(b)(2) with prejudice.

Additionally, the FAC fails under *Federal Rule of Civil Procedure* 12(b)(6) because Plaintiff fails to state a claim and all statute of limitations for the claims have long expired.  The alleged events underlying Plaintiff's claims occurred in 2008.  Plaintiff's Opposition woefully falls short of addressing and attempting to cure this fatal flaw.

Count One fails to state a claim as to a single element of RICO, is time barred, and Plaintiff lacks standing to bring such a claim.  Foley hereby joins USSS Reply as to Plaintiffs' RICO claims (USSS Reply at IV.B.)

Count Six fails because, as Plaintiff concedes, no acts underlying her claims occurred in California and Plaintiff was not a resident of the state when she was allegedly assaulted.  As a result, California *Code of Civil Procedure* section 340.16

("Section 340.16") does not apply to Plaintiff's claims.  Moreover, Plaintiff has not and cannot allege Foley engaged in a cover up as defined by the statute.  Without such allegations, Plaintiff cannot avail herself of Section 340.16 as a matter of law. Therefore, Plaintiff's related claims—Counts Five, Seven through Ten, and Twelve—fail as all relevant statutes of limitations have expired and Plaintiffs' claims are not otherwise tolled.  Foley hereby joins USSS' Reply as to Plaintiff's Section 340.16 claim, intentional infliction of emotional distress claim, and negligence claim.  (USSS Reply IV.D, IV.E.1, IV.E.3.)

Counts Two and Four fail because 18 U.S.C. § 1595 ("Section 1595") does not apply retroactively to conduct occurring before the statute was enacted.  Even if the statute did apply retroactively, the statute of limitations has long expired. Further, Plaintiff fails to allege each element of the claims.  Foley hereby joins USSS' Reply as to Plaintiff's sex trafficking and forced labor claims and conspiracy to commit sex trafficking and forced labor claim.  (USSS Reply IV.C.)

Finally, Count Thirteen fails because Plaintiff cannot make out a prima facie case of defamation.  First, the allegedly defamatory statements cannot be understood as referring to Plaintiff.  Second, general statements of denial, such as the statements here, are not defamatory towards plaintiffs.  Finally, the statements are not defamatory on their face and Plaintiff fails to allege special damages.

For all of the foregoing reasons, Plaintiff's FAC should be dismissed with prejudice and without leave to amend.

## II.     PLAINTIFF IMPROPERLY ADDRESSES THE SAFESPORT DECISION DESPITE ITS CONFIDENTIAL NATURE AND THE FACT THAT SHE DOES NOT ADDRESS IT IN THE FAC

Plaintiff improperly relies on the U.S. Center for SafeSport's ("SafeSport") decision regarding its investigation into the same underlying allegations presented in the present action which were reported to SafeSport in February and March 2022 ("SafeSport Decision").  First, the SafeSport Decision was not referenced in

Plaintiff's FAC and, therefore, is not properly considered on a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (a court may only rely on facts within the face of the complaint or documents incorporated by reference).  Second, the SafeSport Decision records are confidential, and Plaintiff relies on the confidential portions of the decision.  Namely, Plaintiff recounts the specific grounds and length of Foley's suspension.[1]  SafeSport found insufficient evidence to substantiate Plaintiff's claims that the alleged incidents were nonconsensual.

## III.   PLAINTIFF FAILS TO IDENTIFY ANY FACTS IN HER FAC TO REFUTE THIS COURT'S LACK OF PERSONAL JURISDICTION OVER PETER FOLEY

Plaintiff's Opposition cannot identify a single fact alleged in her FAC that refutes Foley's position that this court lacks personal jurisdiction over him.  In addition, Plaintiff's Opposition fails to establish jurisdiction over *any* defendant and, therefore, cannot confer jurisdiction over Foley under RICO's national service provision.  Foley hereby joins USSS' Reply as to RICO jurisdiction.  (USSS Reply at III.C.)

### A.   Plaintiff Cannot Establish California's General Jurisdiction Over Peter Foley Because He Is Not At Home In California.

Plaintiff cannot demonstrate that Foley is "at home" in California.  Plaintiff improperly attempts to establish the court's general jurisdiction over Foley using the standard set forth for *corporate defendants* (Opp. at 10:16-26.), which he is not.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (assessing whether a <u>corporate</u> defendant's contacts with the forum state are

---

[1] This information was not included in the public-facing disciplinary database.  *See, e.g.*, <u>https://uscenterforsafesport.org/response-and-resolution/centralized-disciplinary-database/</u>.

sufficient to render it "essentially at home" there); *see also Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) (addressing general jurisdiction over a <u>corporate</u> defendant).

While Plaintiff correctly states a court has general jurisdiction over a defendant only where the defendant's contacts within the forum state are "so continuous and systematic as to render [the defendant] essentially at home in the forum state," she fails to identify the well-established rule distinguishing that test as applied to corporate defendants and individual defendants. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). An individual defendant is only "at home" in the state where they are domiciled, or the state where they reside with the intent to remain indefinitely. *Id.*

As stated in Defendant's Motion, Peter Foley resides, and intends to remain indefinitely, in Oregon. *See* Docket 74-1, Declaration of Peter Foley, ¶ 4; *see Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 2007) ("mere allegations of the complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction of a nonresident defendant"). Plaintiff's First Amended Complaint does not contend Foley now, or has ever, resided in California; rather, Plaintiff admits Foley is domiciliary of Oregon. (See First Amended Complaint ("FAC"), ¶ 14.) Foley is not "at home" in California and cannot be subject to the general jurisdiction of the court.

**B.** **<u>Plaintiff Cannot Establish California's Specific Jurisdiction Over Peter Foley.</u>**

In order for the Court to exercise personal jurisdiction over an individual defendant, the court must have specific jurisdiction. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255, 264 (2017). A court has specific jurisdiction over a defendant if the defendant has (1) certain minimum contacts with

the forum state, (2) the controversy arises out of those contacts, and (3) the exercise of jurisdiction is reasonable.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985).  Plaintiff bears the burden of proving the first two prongs.  *Picot v. Weston*, 780 F.3d 1206, 1211-12 (9th Cir. 2015).  Plaintiff fails to do so here.

## 1.     Plaintiff fails to establish Peter Foley had minimum contacts with California.

Plaintiff fails to meet her burden of proof and does not establish Foley has minimum contacts with California because Foley's alleged conduct was neither aimed at California nor did it cause harm he knew was likely to be suffered in California.  In fact, Plaintiff's Opposition does not cure a glaring flaw in her FAC: this case has no connection with California.

Plaintiff incorrectly asserts that Foley must meet *either* the purposeful availment *or* purposeful direction standard, *or* some combination thereof.  (*See* Opp., 3:22-24, 4:19-23) (citing to *Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064 (9th Cir. 2017); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).)  However, the law is clear and well established: in tort cases, courts apply the purposeful direction standard. *Axiom Foods*, 874 F.3d at 1069 ("Where, as here, a case sounds in tort, we employ the purposeful direction test") (citing *Burger King Corp.*, 471 U.S. at 476-78); *Yahoo!*, 433 F.3d at 1206 ("In tort cases, we typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state.") (citing *Schwarzenegger v. Fred Martin Motor Co,* 374 F.3d 797, 803 (9th Cir. 2004) (citing *Calder v. Jones*, 465 U.S. 783, 789-790 (1984))).  Therefore, the purposeful direction standard applies because this case is based in tort.

Purposeful direction is assessed using the effects test.  *Id.* at 1206; *Axiom Foods*, 874 F.3d 1069.  Under the effects test, minimum contacts exist where a defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum

state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The Ninth Circuit considers "[o]nly contacts occurring prior to the event causing the litigation" in assessing minimum contacts. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990).

Plaintiff attempts to establish minimum contacts over Foley by claiming he (1) "direct[ed] the USSS Snowboard Team to travel to, train, and compete throughout California at training camps and race events sponsored by USSS" (Opp. at 5:2-4), including media events that employees "like Lindsey" attended (*id.* at 6:5-9); and (2) "recruited athletes throughout California" (*id.* at 5:5-8). Such contact is not related to Plaintiff's claims and is insufficient to establish minimum contacts over Foley.

First, whether or not Foley directed the Snowboard Team to travel, train, compete, and do media throughout California is not in any way related to the events underlying Plaintiff's claims. Plaintiff, in fact, does not allege a single act of wrongdoing underlying her claims which occurred in California. Plaintiff attempts to confer jurisdiction over Foley by asserting he made Plaintiff "promote his California media presence and exposure for purposes of, at least, recruiting fundraising, and gathering sponsorships" (*id.* at 8:2-7) and by claiming "Foley's constant presence during an Olympic media summit held in Los Angeles" (*id.* at 8:8-9). The FAC does not allege the media summit in Los Angeles was held around the time the alleged incidents occurred; moreover, the FAC does nothing to tether the media summit to any of her allegations whatsoever. Regardless, when the summit occurred does not change the fact that Plaintiff does not allege a single act of wrongdoing that occurred in California. Rather, Plaintiff admits the alleged assault, which is the basis for Plaintiff's claims, occurred in Colorado. (FAC ¶ 62.)

Plaintiff's attempt to establish jurisdiction through these allegations is an extreme departure from the principles of personal jurisdiction in tort cases. *Swartz v. KPG* LLP, 476 F.3d 756, 766 (9th Cir. 2007) ("mere 'bare bones' assertions of

minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy plaintiff's pleading burden" (internal citations omitted)).  A plaintiff must suffer s*ome harm* in California.  *See Yahoo!*, 433 F.3d at 1207 (The Ninth Circuit requires that "a jurisdictionally sufficient amount of harm is suffered in the forum state").

Plaintiff fails to demonstrate she suffers *any* harm in California: not only did Plaintiff's alleged assault not occur in California, but she does not recount a single instance where any subsequent harm was suffered in California.  Plaintiff concedes as much.  (*See generally* Opp. at 3:12-10:9.)  In fact, the thirty-two pages in the Factual Background section of Plaintiff's FAC is devoid of any reference to California.  (*See generally* FAC ¶¶ 25-173.)  Notably, Plaintiff does not reference the Los Angeles media summit in her Factual Background section, but rather only in an attempt to confer jurisdiction over the parties.  (*Id.*)  Consequently, Plaintiff cannot establish Foley's minimum contacts with California because no harm was suffered in California.

Second, that Foley may have recruited athletes in California and Plaintiff's inference that Foley contacted California residents in his recruiting efforts[2] are unrelated to Plaintiff's claims.  (Opp. at 5:5-8.)  Plaintiff was not an athlete and does not make a single claim that is in any way related to the recruitment of athletes.  Therefore, such contact, if any, is unrelated and must not be considered in assessing Foley's minimum contacts with California.  *See Bristol-Myers*, 582 U.S. at 264 (specific jurisdiction is lacking where then there is no connection between the defendant's forum-related activities and the plaintiff's claims "regardless of the

---

[2] Plaintiff *infers* Foley contacted California residents in his recruiting efforts in California.  (Opp.  at 5:7-9.) Plaintiff makes no factual connections related to Foley's recruiting efforts or tether those efforts to any of Plaintiff's allegations. This is insufficient under Rule 8's plausible pleading standard.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-681 (2009).

extent of a defendant's unconnected activities in the state"). Moreover, jurisdiction cannot be conferred on Foley merely based upon acts undertaken in California in his capacity as a coach for USSS. *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012). Recruiting athletes or participating in race events or training inarguably occurred in his corporate capacity.

Where Plaintiff does not make a single factual allegation underlying her claims tying her case to the forum state and a defendant does not have any related conduct tying them to the forum state, it follows that the defendant cannot be subject to the personal jurisdiction of the state. Such is the case here. Therefore, Plaintiff has not established Foley's minimum contacts with the state.

Plaintiff relies on three cases to erroneously claim that courts have found minimum contacts where fewer connections with the forum state exist. These cases are easily distinguishable because the defendants' contact with California in each case was directly related to and the subject of the plaintiff's claims and the underlying actions. *See Shields v. FINA*, 419 F. Supp. 3d 1188, 1207 (N.D. Cal. 2019) (finding that anti-competitive conduct directed at California gave rise to federal antitrust class action claims and claims for tortious interference with prospective economic advantage); *Riot Games v. John Does 1-10*, 2022 WL 18358951, at *2 (C.D. Cal. 2022) (finding that intentional targeting of California residents and impersonation of a California corporation through texts, emails, and chats gave rise to claims related to defendant's scheme to defraud); and *Skout, Inc. v. Jen Processing, Ltd.*, 2015 WL 224930, at *3 (N.D. Cal. 2015) (finding that defendant's intentional spamming of a California plaintiff gave rise to claims for breach of contract and fraud).

Even if the purposeful availment standard did apply, Plaintiff cannot meet her burden. Purposeful availment requires a defendant "have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001) (overruled on

8

other grounds) (citing *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). As described above, Foley's contact with California, if any, may not be considered in a specific jurisdiction analysis because it is unrelated to the claims at issue. Not only is it immaterial that Foley may have recruited athletes in California as it is not central to any claims by Plaintiff, but Plaintiff is not an athlete. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliations with the state, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." (internal quotations omitted)). Additionally, that Foley may have directed the Team to travel, train, compete, and do media events in California is in no way central to any of Plaintiff's claims or the events underlying them; in fact, Plaintiff admits she was allegedly sexually assaulted in Colorado and she fails to connect her claims to the forum. Thus, such connections, if any, cannot be considered in assessing specific jurisdiction. *Bristol-Myers*, 582 U.S. at 264 ("When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state").

Plaintiff has failed to meet her burden and Foley's minimum contacts with California sufficient to subject him to the state's jurisdiction. Any exercise of jurisdiction over Foley would be a violation of his due process rights under the United States Constitution. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) (holding that the lack of minimum contacts violates a nonresident defendant's constitutional right to due process and "offends traditional notions of fair play and substantial justice").

> **2.      Plaintiff fails to establish her claims arose out of Peter Foley's California related activities and does not meet her pleading burden.**

Plaintiff fails to establish her claims arise out of Foley's California related conduct. Rather, Plaintiff merely makes a conclusory statement towards that end.

Plaintiff does not make a single reference to any underlying tortious act that occurred in California. That Plaintiff "travelled domestically with the Snowboard Team, FAC ¶ 58, including to media events in California" (Opp. at 8:24-27) is too attenuated. Foley did not, himself, create such connections with California and, moreover, such connections are not central and did not give way to Plaintiff's claims. *See Axiom Foods*, 874 F.3d at 1068 ("the relationship between the nonresident defendant, the forum, and the litigation "must arise out of contacts that the 'defendant *himself*' creates with the forum State") (quoting *Burger King Corp.*, 471 U.S. at 475); *see also Walden*, 571 U.S. at 286 ("a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction").

If applied as Plaintiff suggests, the "but for" test would substantially expand the scope of specific jurisdiction to any state in which a *plaintiff* resides, and to any state the plaintiff traveled to, regardless of where tortious conduct actually occurred and irrespective of any connection between the defendant, the forum and the underlying controversy. As described herein, Plaintiff's claims have no connection to California. Again, Plaintiff has not met her burden.

**3.    California's jurisdiction over Peter Foley is not reasonable.**

Plaintiff has not met her burden of establishing the first two prongs of the specific jurisdiction analysis. Regardless, this Court's jurisdiction over Foley is unreasonable. As discussed above and demonstrated in his declaration (Decl., ¶¶ 4-11), Foley has not interjected himself into California affairs. The burden on Foley to litigate in California is extremely high. Foley is a private citizen and would be heavily burdened by traveling to California to defend this case. Moreover, no defendant in this case is "at home" in California. Additionally, given that the events underlying Plaintiff's claims did not occur in California, and that the dispute is brought against non-resident defendants "at home" in Oregon and Utah by a non-resident Plaintiff residing in Utah, keeping this matter in California would impact the sovereignty of Individual Defendants' state of Oregon and USSS' state of Utah.

As described in more detail below, it is immaterial that Plaintiff wants to avail herself of California's extended statute of limitations. That is against the very principles of the jurisdictional analysis. *See Walden*, 571 U.S. at 283 (the exercise of jurisdiction must comport with the limits of the Fourteenth Amendment's Due Process Clause). Finally, Plaintiff has not demonstrated that no alternative forum exists.

The Court's assertion of personal specific jurisdiction over Foley would deprive him of due process of law because he lacks minimum contacts with California, Plaintiff's claims do not arise out of Foley's activity in California, and California's jurisdiction would be unreasonable. *See Pebble Beach Co. v.* Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) ("If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law").

### C. <u>Jurisdictional Discovery Is Unwarranted.</u>

The Court should deny Plaintiff's request for jurisdictional discovery because she fails to identify a single discoverable fact that would confer personal jurisdiction and Foley has established that this Court lacks personal jurisdiction over him. *See LNS Enterprises LLC v. Continental Motors, Inc.*, 22 F.4th 852 (9th Cir 2922) (jurisdictional discovery is not warranted where "defendants had already specifically rebutted unsupported jurisdictional allegations").

## IV. <u>THE COUNTS AGAINST FOLEY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER FRCP 12(B)(6).</u>

Plaintiff's FAC fails to state a claim for each Count against Foley as addressed in Foley's Motion and Plaintiff's Opposition fails to refute this fatal flaw. Plaintiff's claims against Foley should be dismissed without leave to amend as Plaintiff has already amended her complaint and cannot cure the defects therein through additional amendment. *Novak v. United States*, 795 F.3d 1012, 1021 (9th

Cir. 2015).  Foley hereby joins USSS' Reply as to Counts One, Four, Six, Ten, and Twelve.  (USSS Reply at IV.B-D, IV.E.1, IV.E.3.)

### A.   Plaintiff's Section 340.16 Claim Fails To State A Claim and Does Not Revive Time-Barred Claims.

Despite conceding that none of the events underlying Plaintiff's claims occurred in California and that the *earliest* Plaintiff made any report of misconduct was in February 2022, Plaintiff endeavors to bring a claim under Section 340.16's cover-up provision.[3]  Plaintiff argues that her claim is timely under Section 340.16(e), the statute's cover-up provision, and that Plaintiff "did not reasonably discover her injuries resulted from the abuse until recently."  (Opp. 15:11.)  However, Plaintiff's claims under Section 340.16 must fail because of the very concessions made in her Opposition: (1) Plaintiff does not allege any tortious conduct occurred in California, and (2) Plaintiff does not allege any attempt to cover-up or conceal the alleged sexual assaults by Foley or any other defendant.[4]

First, Plaintiff's contention that Section 340.16 revives sexual assault claims that occurred outside of California is unfounded.  Such claims can only be revived if the victim resided in California at the time of the sexual assault.  *See* Cal. Civ. Proc. Code § 361; *see also Order of R. Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 349 (1944) ("even if one has a just claim, it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them").  Plaintiff was not resident of California at the time her alleged claims arose.

---

[3] Notably, Plaintiff concedes she does not bring a timely claim under 340.16(b).

[4] Defendant properly rebutted Plaintiff's Section 340.16 claim on statute of limitations and standing grounds.  *See* Defendant Peter Foley's Joinder in Defendant United States Ski & Snowboard's Notice of Motion and Motion to Dismiss First Amended Complaint; Memorandum of Points and authorities In Support Thereof ("Joinder"), p. 2.

Similarly, Plaintiff does not allege the elements of a Section 340.16 claim. Section 340.16 affords a civil remedy for acts constituting crimes under the California Penal Code.  *See* Cal. Penal Code § 27 (criminal liability extends only to crimes committed within California).  Not only does Plaintiff concede the alleged assault did not occur to a then-resident, but she also admits the assault did not occur in California as required by the Penal Code.  (Opp. at 15:15-16:17.)  Therefore, Plaintiff cannot bring a claim under Section 340.16.

Further, Plaintiff fails to allege any cover-up that would bring her within purview of Section 340.16(e).  Section 340.16 defines "cover up" as "a concerted effort to hide evidence relating to a sexual assault that incentivizes individuals to remain silent or prevents information relating to a sexual assault from becoming public or being disclosed to the plaintiff, including, but not limited to, the use of nondisclosure agreements or confidentiality agreements."  Cal. Civ. Proc. Code § 340.16(e)(4)(A).  Plaintiff does not allege a single fact tending to show Foley was engaged in a cover-up.  Plaintiff certainly does not allege any attempt by Foley to hide evidence, incentivize Plaintiff to remain silent, or prevent public disclosure. Nor does she allege such conduct by USSS.  Foley hereby joins USSS' Reply as to Plaintiff's Section 340.16 claims.  (USSS Reply IV.D.)

Therefore, Plaintiff fails to state a claim under Section 340.16 and cannot avail themselves of the look back window or the extended statute of limitations.  For that reason, Plaintiff's related claims cannot be revived by Section 340.16 and are untimely.

## B.   Counts Five, Seven Through Ten, And Twelve Cannot Be Brought Under California Law And Are Time Barred.

Plaintiff does not refute that without the lookback window provided for in Section 340.16, Counts Five, Seven through Ten, and Twelve are time barred.  As discussed hereinabove, Plaintiff fails to bring a claim under Section 340.16. Therefore, related claims likewise cannot fall under the look-back window and the

Court must apply the relevant statute of limitations specific to those claims.

Plaintiff wholly fails to refute California's borrowing statute prohibits Plaintiff from bringing claims under California law.[5]  *See* Cal. Code. Civ. Proc. § 361 ("prevent[ing] non-residents from prosecuting an action in a California court where such action would be barred under the statute of limitations of the jurisdiction whose law would otherwise govern").  As a result, the Court must apply the applicable statute of limitations of the jurisdiction where those claims arose, here Colorado and Utah.  Plaintiff does not refute that such limitation periods have long since expired.  Moreover, even if California law did apply, the two-year statute of limitations set forth in California Code of Civil Procedure section 335.1 has long expired.[6]  Therefore, these Counts must be dismissed in their entirety.

### C.     Counts Two And Four Fail To State A Claim And Are Inescapably Time Barred.

Plaintiff fails to adequately refute Foley's arguments relating to Counts Two and Four.[7]  Foley does adequately address Plaintiff's conspiracy to commit sex trafficking claim in his Motion[8] and hereby joins USSS' Reply as to Plaintiff's

---

[5] Plaintiff brings Counts Five through Seven under California statutory law. Moreover, Foley adequately moves to dismiss Count Seven in his Motion.  Foley asserts Plaintiff cannot bring this claim under California law and, even if she could, the limitations period has expired.

[6] *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (applying Section 335.1 to assault and battery claims); *see Soliman v. CVS RX Servs.*, 570 F. App'x 710, 711 (9th Cir. 2014) (applying Section 335.1 to intentional infliction of emotional distress claims); *see W. Shield Investigations & Sec. Consultants v. Superior Court*, 82 Cal. App. 4th 935, 953 (2000) (applying a personal injury statute of limitations to Section 59 claims because the Unruh Act merely codified existing common law.).

[7] Notably, Plaintiff only attempts to refute Foley's arguments as to Section 1595(c)'s venture liability provision, thereby conceding she has not brought a claim under Section 1595(a).

[8] *See* Joinder, p. 2.

1  conspiracy to commit sex trafficking claim.  (USSS Reply at IV.C.)  Foley

2  additionally joins USSS' Reply as to Section 1595's venture liability provision.

3  (USSS Reply at IV.C.)

4       Plaintiff fails to state a claim for sex trafficking and forced labor and such

5  claims are time barred.  Plaintiff mistakenly relies on *Norsoph v. Riverside Resort &*

6  *Casino, Inc.*, 2020 WL 641223 (D. Nev. May 21, 2020), a FLSA wage tip pooling

7  case, entirely ignoring established case law *specific to* Section 1595, all of which

8  hold the statute is not retroactively applicable.  Civil actions brought against the

9  alleged perpetrator, as set forth in Section 1595's 2003 amendment, cannot be

10 applied retroactively.  *See Ditullio v. Boehm*, 662 F.3d 1091, 1099 (9th Cir. 201)

11 (holding that the TVPA cannot be applied retroactively to conduct before December

12 19, 2003); *see Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939,

13 950 (1993) (the presumption against the retroactive application of legislation,

14 including amendments creating a private cause of action, is well established).

15 Additionally, civil actions brought under the venture liability provision of the 2008

16 amendment to Section 1595 cannot be applied retroactively.  *See Owino v.*

17 *CoreCivic, Inc.*, 2018 WL 2193644, at *12 (S.D. Cal. May 14, 2018) (the "financial

18 benefit" provision added to Section 1595 in 2008 does not apply retroactively).

19      For the reasons stated hereinabove, Section 340.16 does not save Counts Two

20 and Four from being time barred and are not otherwise tolled.  The four-year statute

21 of limitation provided for by Section 1595 has long expired, Plaintiff does not argue

22 otherwise.

23      Additionally, Plaintiff fails to allege a "commercial sex act."  Plaintiff asserts

24 she "felt compelled to submit to Foley because of his influence, power, and control

25 over decision making in her career."  (Opp. at 22:23-25.)  However, Plaintiff cites

26 no factual allegations in support of this conclusion, and there are none.  In fact, this

27 allegation is implausible because Plaintiff was a USSS employee, Foley's peer

28 within the organization, and he did not have a supervisory role over her.  (FAC ¶¶

15

55, 58.)  Plaintiff's reliance on *Huett v. Weinstein Company LLC* is misplaced as the case is easily distinguished.  2018 WL 6314159 (C.D. Cal. Nov. 5, 2018) (defendant, a producer, promised the plaintiff a role on *Project Runway* in exchange for the sex act).  Plaintiff alleges no such exchange here.  For the foregoing reasons, these Counts must be dismissed in their entirety.

### D. <u>Plaintiff Cannot Demonstrate Her Claims Are Subject To Equitable Tolling.</u>

Plaintiff fails to respond to Foley's argument that she fails to plead any facts demonstrating her claims are equitably tolled.  Plaintiff only asserts that "USSS is estopped from raising such a defense."  (Opp. at 17:24-25.)  However, Plaintiff fails to identify a single specific fact supporting her contention that Foley is estopped from asserting a statute of limitations defense.[9]

Equitable tolling applies where "a plaintiff, possessing several legal remedies …, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage, thereby allowing the statutory period to run."  *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (internal quotations omitted).  Plaintiff makes no such allegations.  Therefore, Plaintiff's claims must not be subject to equitable tolling.  *See Evans v. All. Funding*, 2010 WL 11482495, at *15 (C.D. Cal. Dec. 13, 2010) (to survive dismissal on limitations grounds, plaintiff must allege specific facts supporting equitable tolling).

Equitable estoppel "halts the statute of limitations where there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suint in time."  *Guerrero*, 442

---

[9] Plaintiff concedes by omission that Foley (1) did not have continued influence over Plaintiff after separation of her employment with USSS, (2) did not fail to disclose or represent a material fact, and (3) did not make any threats or other efforts to silence Plaintiff.  Plaintiff further fails to refute Foley's argument that her claims are barred by expired statutes of limitation.

F.3d at 706 (internal quotations omitted).  Plaintiff does not allege any unconscionable act by Foley above and beyond the core facts underlying her assault claim that would prevent Plaintiff from filing a suit in a timely matter.  Moreover, Plaintiff concedes she did not attempt to report the alleged wrongdoing until February 2022 at the earliest, years if not decades after the conduct was alleged to have occurred.  Further, no such conduct is alleged against any other defendant. Foley hereby joins USSS' Reply as to equitable tolling.  (USSS Reply at IV.A.) Therefore, Plaintiff's claims cannot be subject to equitable estoppel.  *See Guerrero*, 442 F.3d at 706 (to survive dismissal of a time-barred claim, plaintiff must allege facts showing equitable estoppel).

### E.     Count Thirteen Fails To State Facts Sufficient To Support A Claim For Defamation.

The allegedly defamatory statements clearly do not, as Plaintiff claims, "attack Plaintiff's truthfulness and integrity and accuse them of lying." (Opp. at 24:3-6.)

### 1.     There was no publication.

In her Opposition, Plaintiff wholly ignores the second half of the publication analysis and concentrate merely on communication to third parties.  However, such a communication must be *understood as referring to Plaintiff. Ringler Assocs. Inc. v. Md. Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (2000) (defining "publication" as a "communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made.")  Plaintiff does not address the timing of the allegedly defamatory statements.  The February 11 statements were made *before* Plaintiff made any public allegations against Foley.

Additionally, Callan Chythlook-Sifsof's Instagram post the February 11 statements are made in response to contains a variety of allegations against multiple actors, including Foley.  The post does not name Plaintiff, nor do Foley's February

statements.  Therefore, denying the allegations made within the post cannot be understood as referring to Plaintiff.  Nor can the March 20 statements because they do not name Plaintiff.  Rather, they are general denials, without more.  Thus, such statements cannot possibly be understood as referring to Plaintiff.

### 2.  Foley's statements are not defamatory because they are general denials of misconduct.

Neither the February 11 nor the March 20 statements can be understood to have a defamatory meaning.

A defendant is allowed to deny allegations against him without defaming a plaintiff.  *See Gregory v. McDonnell Douglas Corp.*, 17 Cal.3d 596, 602 (1976) ("since such [labor] disputes, realistically considered, normally involve considerable differences of opinion and vehement adherence to one side or the other, a necessarily broad area of discussion without civil responsibility in damages is an indispensable concomitant of the controversy"); *Ferlauto v. Hamsher*, 74 Cal.App.4th 1394, 1401 (1999) (finding that part of the totality of the circumstances used in evaluating allegedly defamatory language is whether he statements were made by participants in an adversarial setting).

In fact, courts have found no defamatory meaning in cases where the statement at issue states much more than a mere denial as Foley does here.  *See Id.* (finding no defamatory meaning where published written statements regarding plaintiff's lawsuit described it as "stupid," "laughed at," "a joke," "spurious," and "frivolous"); *see also GetFugu, Inc. v. Patton Boggs LLP*, 220 Cal.App.4th 141, 156 (2013) (holding that defendant's attorney's tweet describing plaintiff's lawsuit as "frivolous" was an unactionable statement of opinion because it was "predictable" in the context of litigation); *see also Information Control Corp. v. Genesis One Computer Corp.* 611 F.2d 781 (9th Cir. 1980) (holding that statements of defendant's counsel that plaintiff corporation acted to avoid paying its obligations was nonactionable opinion).

Moreover, there is a growing body of case law standing for the proposition that a defendant may deny allegations against them, without more, without those statements being actionable.  *See Porter v. Saar*, 260 A.D.2d 165 (N.Y. App. Div. 1999) ("The comments attributed to defendant … were in the nature of a general denial of plaintiff Gray's accusations of misconduct, not an attack on plaintiffs"); *see also Jacobs v. The Oath for Louisiana, Inc.*, 221 So.3d 241 (La. App. 4 Cir. 2017) (finding that statements to the press describing allegations as "beyond absurdity," "frivolous, baseless and absurd," and "vehemently denied" did not have a defamatory meaning).

There must be, and is, a constitutional limitation on the sort of statement actionable under a theory of defamation.  *See New York Times Co. v. Sullivan,* 376 U.S. 254 (1964) (finding that defamation falls within the purview of the First Amendment to the Constitution).  Just as plaintiffs have the right to bring a claim or make allegations, defendants have an equal, commensurate right to defend themselves.  Said differently, defendants have the right to deny public allegations against them.  Where, as here, there is no malice or aim to harm Plaintiff through the allegedly defamatory statements, such statements are akin to filing an answer or otherwise contradicting such allegations in an official proceeding.  Foley states, "he was surprised by the allegations" and that he denies such allegations.  Foley does not disparage Plaintiff or use colorful language to describe her allegations.  To find that this language is actionable is not equitable and would circumvent defendants right of free speech to deny public allegations made against them.  To hold otherwise would set a dangerous precedent.

Plaintiff attempts to liken Foley's statements to *Edwards v. Maxwell* is unsuccessful.  To claim Foley's statements "attacked Plaintiff's characters and accused them of deceit" is simply incorrect.  (Opp. at 25:14-15.)  Foley simply denied the allegations and without more, his statements are distinguishable from those in *Edwards v. Maxwell* where the defendant called the plaintiff's claims

"obvious lies." No. 15-cv-07433-RWS, EFC No. 37 at 7 (SDNY Feb. 29, 2016) (the court likened calling the plaintiff's claims "obvious lies" to calling the plaintiff a "liar"). Therefore, Foley's statements cannot be understood as defamatory.

### 3. Plaintiff fails to allege special damages.

Plaintiff fails to allege Foley's statements are defamatory on their face. As described above, more than a mere denial is required for a statement to be understood as defamatory. Thus, because the statements are not defamatory on their face, Plaintiff must plead special damages. She fails to do so. Fed. R. Civ. Proc. 9(g) (special damages must "be specifically stated"). Plaintiff fails to plead with any specificity any damages she has suffered in respect to her "property, business, trade, profession, or occupation, including the amounts of money the plaintiff alleges and proves he or she has expended as a result of the alleged libel, and no other." Cal. Civ. Code § 45(d)(2).

## V.   CONCLUSION

For all of the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed in its entirety and with prejudice.


DATED:  September 15, 2023          Respectfully Submitted,

                                   **O'HAGAN MEYER** LLC


                                   By:   _/s/ Paige T. Rivett_
                                        MEGHAN E. McCORD
                                        PAIGE T. RIVETT
                                        Attorneys for Defendant Peter Foley

## __CERTIFICATE OF COMPLIANCE__

The undersigned, counsel of record for Defendant United States Ski & Snowboard, certifies that this brief contains 20 pages (6,000 words), which complies with the page count set by court order dated June 30, 2023.

DATED:  September 15, 2023          **O'HAGAN MEYER** LLC

By:     /s/ Paige T. Rivett
_____
MEGHAN E. McCORD
PAIGE T. RIVETT
Attorneys for Defendant Peter Foley

DEFENDANT FOLEY'S REPLY IN SUPPORT OF MOTION TO DISMISS FA