UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDSEY NIKOLA,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br>PETER FOLEY and UNITED STATES SKI & SNOWBOARD,<br><br>  Defendants - Appellees. | No. 24-4674<br><br>D.C. No. 2:23-cv-00811-SPG-JPR<br>Central District of California,<br>Los Angeles<br><br>ORDER |
| ROSEY FLETCHER; et al.,<br><br>  Plaintiffs - Appellants,<br><br> v.<br><br>UNITED STATES SKI & SNOWBOARD; et al.,<br><br>  Defendants - Appellees. | No. 24-4752<br>D.C. No. 2:23-cv-00803-SPG-JPR<br>Central District of California,<br>Los Angeles |

Before: GILMAN, WARDLAW, and KOH, Circuit Judges.[*]

The memorandum disposition filed on November 3, 2025, is amended, and the amended memorandum disposition is filed concurrently with this order. The panel has unanimously voted to deny the petition for panel rehearing and to deny

---

[*] The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

the petition for rehearing en banc.  The full court has been advised of the petition

for rehearing en banc and no judge has requested a vote on whether to rehear the

matter en banc.  Fed. R. App. P. 40.  The petition for rehearing and rehearing en

banc is denied.

No further petitions for panel rehearing or rehearing en banc will be

entertained.

24-4674

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDSEY NIKOLA,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>PETER FOLEY; UNITED STATES SKI & SNOWBOARD,<br><br>    Defendants - Appellees. | No. 24-4674<br><br>D.C. No. 2:23-cv-00811-SPG-JPR<br><br>AMENDED MEMORANDUM[*] |
| ROSEY FLETCHER; ERIN O'MALLEY; CALLAN CHYTHLOOK-SIFSOF,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>UNITED STATES SKI & SNOWBOARD; PETER FOLEY; UNITED STATES OLYMPIC AND PARALYMPIC COMMITTEE,<br><br>    Defendants - Appellees. | No. 24-4752<br><br>D.C. No. 2:23-cv-00803-SPG-JPR |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 7, 2025
Pasadena, California

Before: GILMAN, WARDLAW, and KOH, Circuit Judges.[**]

Lindsey Nikola (No. 24-4674), Rosey Fletcher, Erin O'Malley, and Callan Chythlook-Sifsof (No. 24-4752) (collectively, "Appellants") appeal the district court's dismissal of their RICO and California state-law claims under Federal Rule of Civil Procedure 12(b)(2). We have jurisdiction under 28 U.S.C. § 1291. For the reasons below, we affirm in part, reverse in part, and remand for further proceedings. We assume the parties' familiarity with the facts.

1. The district court correctly found that it lacked general jurisdiction over Appellees. "[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The "paradigm" fora in which a corporate defendant is "at home" are its "place of incorporation and principal place of business." *Id.* at 137. By comparison, individuals are subject to general jurisdiction in their state of

---

[**]    The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

24-4674

domicile.  *Id.*  Although the exercise of general jurisdiction is not strictly limited to those fora, it extends only to "an exceptional case" where a defendant's operations in another state are "so substantial and of such a nature as to render the corporation at home in that State."  *Id.* at 139 n.19.

The district court found that (1) Foley is domiciled in Oregon; (2) United States Ski and Snowboard Association ("USSS") is headquartered and has its principal place of business in Park City, Utah; and (3) United States Olympic and Paralympic Committee ("USOPC") is headquartered and has its principal place of business in Colorado Springs, Colorado.[1]  Accordingly, the district court correctly concluded that it could not exercise general jurisdiction over Appellees, *see Daimler*, 571 U.S. at 137, unless Appellants presented "an exceptional case" to do so, *id.* at 137 n.19.  We agree with the district court that Appellants have not made such a showing.

In *Schwarzenegger v. Fred Martin Motor Co.*, we held that a defendant-corporation's contacts with California fell "*well short*" of the "continuous and systematic" contacts necessary to support general jurisdiction even though the defendant had contracted with California entities, purchased California goods, and maintained a website accessible in the state.  374 F.3d 797, 801 (9th Cir. 2004)

---

[1] For purposes of this disposition, we collectively refer to Foley, USSS, and USPOC as ("Appellees").

24-4674

(emphasis added) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984)). Here, Appellants rely primarily on the fact that Appellees have coached, organized training events, and held competitions in California. Those activities are not "so substantial and of such a nature as to render [Appellees] at home" in California. *Daimler*, 571 U.S. at 139 n.19. Exercising general jurisdiction on those bases alone would be "unacceptably grasping." *Id.* at 138.

2. The district court correctly determined that it lacked specific jurisdiction over Appellants' contract claims. However, we conclude that the district court erred in declining to exercise specific jurisdiction over several of Appellants' tort claims. We analyze specific personal jurisdiction under a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Briskin v. Shopify, Inc.*, 135 F.4th 739, 750–51 (9th Cir. 2025) (en banc).

In contract cases, we ask whether a defendant purposefully availed itself of the forum's privileges, focusing on activities "such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. In tort cases, we instead apply

4                                                                                    24-4674

the *Calder* effects test, which asks whether the defendant "(1) commit[ed] an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Shopify*, 135 F.4th at 751; *see also Calder v. Jones*, 465 U.S. 783, 789–90 (1984).[2]  Notably, *Calder* does not "require in purposeful direction cases that all (or even any) jurisdictionally relevant effects have been caused by wrongful acts." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006) (en banc).  Rather, "we must evaluate all of a defendant's contacts with the forum state, whether or not those contacts involve wrongful activity by the defendant." *Id.*; *see also Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1111 (9th Cir. 2025) (finding personal jurisdiction "[a]lthough the tortious conduct primarily occurred" outside of the forum state).

Appellants bear the burden of satisfying the first two *Shopify* prongs.  *See Shopify*, 135 F.4th at 751.  If they meet their burden, Appellees must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

---

[2] However, we note that "our cases do not impose a rigid dividing line between" purposeful direction and availment. *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023) (internal quotation marks omitted).

*A. Contract Claims*

The district court correctly determined that it lacked specific jurisdiction over Appellants' contract claims. Purposeful availment in contract cases requires affirmative conduct within the forum, such as executing or performing a contract there. *See Schwarzenegger*, 374 F.3d at 802. *But see Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) ("While we concede that negotiations did take place at that time, it should be borne in mind that temporary physical presence in the forum does not suffice to confer personal jurisdiction." (internal quotation marks omitted)). Importantly, the mere existence of a contract with a forum resident is insufficient; courts must consider the parties' negotiations, contemplated future consequences, and course of dealing. *See Burger King*, 471 U.S. at 478–79; *Roth*, 942 F.2d at 621–22. Here, Appellants allege no negotiations, contract terms, or contemplated obligations tied specifically to California. Their theory that jurisdiction follows simply because the alleged breach of contract occurred during California-based events would collapse the analysis into the mere existence of a contract, contrary to precedent. *See Roth*, 942 F.2d at 621–22; *Schwarzenegger*, 374 F.3d at 802.

*B. Tort Claims*

The district court erred, however, in concluding that it lacked specific jurisdiction over several of Appellants' tort claims—namely, their claims for

6

24-4674

sexual harassment, negligence, negligent supervision and retention, and negligent

and intentional infliction of emotion distress.  The court found that Appellants

failed to allege California-based conduct by Appellees that gave rise to their

injuries.  We disagree.

A "lawsuit arises out of a defendant's contacts with the forum state if a

direct nexus exists between those contacts and the cause of action." *Fireman's*

*Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1996).  Here,

Appellants allege that Foley groomed them during training camps, events, and

competitions held in California and that USSS and USOPC, despite having

knowledge of Foley's predatory behavior, collectively organized and facilitated

those events.  Appellants contend that Foley's access to the athletes (Fletcher,

O'Malley, and Chythlook-Sifsof) was made possible through those California-

based team activities and that at least one assault occurred immediately following a

California training camp.  Similarly, Appellants argue that Nikola traveled with

Foley to team activities in California in her role as a USSS employee, which

allowed Foley to abuse her.  Accepting those allegations as true, *see Bancroft &*

*Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000), "but for"

the trainings, competitions, and related events hosted in California, Appellants

would not have suffered the alleged harms in that forum state.  *See Omeluk v.*

*Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995).  These facts

24-4674

describe sufficient California contacts by each Appellee and establish a causal nexus with Appellants' tort claims. *See Shopify*, 135 F.4th at 762.

Accordingly, Appellants have satisfied the first two prongs of the specific-jurisdiction test with respect to their claims for sexual harassment, negligence, negligent supervision and retention, and negligent and intentional infliction of emotional distress.

3. Finally, Appellees have "not shown that litigation in California has been or would be so gravely difficult and inconvenient as to render the court's exercise of personal jurisdiction unreasonable." *Fireman's Fund*, 103 F.3d at 895 (internal quotation marks omitted). Appellees have frequently traveled to California for official events, and much of that travel is directly related to the events giving rise to this suit. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1115 (9th Cir. 2002). Moreover, California has a substantial interest in providing a forum for its residents who are victims of sexual abuse. *See id.* at 1115–16. Additionally, if California were not a proper forum, Appellants would likely be forced to pursue separate suits in multiple jurisdictions, as no single forum appears able to exercise jurisdiction over all defendants. *See id.* at 1116.

Although "[t]he district court did not reach this part of the inquiry," we may address the reasonableness prong based on the record before the district court because "the analysis here is straightforward" and Appellees "ha[ve] not shown

8                                                                                  24-4674

that exercising specific jurisdiction over [them] in California would be unreasonable, much less presented a 'compelling case' as to why that would be so." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1099 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2561 (2024).  We therefore hold that the district court erred in declining to exercise specific personal jurisdiction over Appellees.

We note that "the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same common nucleus of operative facts as the claim for which jurisdiction exists."  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal quotation marks omitted).  Accordingly, because we conclude that the district court has specific jurisdiction over some of Appellants' claims, on remand the district court should consider exercising jurisdiction over Appellants' sexual assault, battery, and remaining claims to the extent that the claims arise out of a "common nucleus of operative fact."  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) ("Whether two events [share a common nucleus of operative fact] depends on whether they are *related* to the same set of facts and *whether they could conveniently be tried together*." (emphasis added)).

We **AFFIRM** the district court's determination that it could not exercise general jurisdiction over Appellees.  We **REVERSE** its determination that it lacked specific jurisdiction over certain of Appellants' tort claims.  We **REMAND**

9

24-4674

for the district court to consider whether it may exercise pendent personal

jurisdiction over the remaining claims.  Costs on appeal are taxed against the

appellees.

24-4674