VENABLE LLP
Desirée F. Moore (*admitted pro hac vice*)
 dmoore@venable.com
Abram I. Moore (*admitted pro hac vice*)
 amoore@venable.com
227 W. Monroe Steet, Suite 1900
Chicago, IL 60606
Telephone:   312.820.3400
Facsimile:    312.820.3401

VENABLE LLP
Christina M. Nordsten (SBN 304183)
 cmnordsten@venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:   310.229.9900
Facsimile:    310.229.9901

*Attorneys for Defendant*
UNITED STATES SKI AND SNOWBOARD

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEY FLETCHER, ERIN O'MALLEY, AND CALLAN CHYTHLOOK-SIFSOF<br><br>Plaintiffs,<br><br>v.<br><br>PETER FOLEY, ET AL.<br><br>Defendants. | Case No. 2:23-cv-00803-SPG-JPR<br><br>Hon. Sherilyn Peace Garnett<br><br>**DEFENDANT UNITED STATES SKI AND SNOWBOARD'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Date:          July 15, 2026<br>Time:         1:30 p.m.<br>Dept.:        Courtroom 5C<br><br>Trial Date:  Not Assigned. |

**TABLE OF CONTENTS**

PAGE

I.    RECENT CASELAW CONFIRMS THAT PLAINTIFFS'
CLAIMS AGAINST USSS CANNOT BE REVIVED
UNDER SECTION 340.16.................................................................... 1

A.    *Anya Roberts* confirms that non-California plaintiffs
cannot use Section 340.16 to revive claims arising from
out-of-state sexual assaults............................................................ 1

B.    *Dutrisac* confirms that to allege a "cover up," courts
require allegations of conduct predating plaintiff's own
assault showing a concerted effort to hide evidence of a
prior assault. ................................................................................ 3

II.   THE COURT SHOULD DECLINE TO EXERCISE
PENDENT PERSONAL JURISDICTION OVER COUNTS
ONE, TWO, EIGHTEEN, AND NINETEEN AGAINST
USSS........................................................................................................ 6

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**         **Page(s)**

*Acevedo v. eXp Realty, LLC,*
No. 2:23-cv-01304-AB-AGR, 2024 WL 650189 (C.D. Cal. Jan. 29, 2024)................................................................................2, 3, 5

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
368 F.3d 1174 (9th Cir. 2004)..................................................6, 8

*Anya Roberts v. eXp Realty, LLC*, No. 2:23-cv-10492-AB-AGR, 2025 WL 4036423 (C.D. Cal. May 2, 2025) ........................................1, 2

*CE Distrib., LLC v. New Sensor Corp.*,
380 F.3d 1107 (9th Cir. 2004)......................................................6

*Dutrisac v. STMicrolectronics*, No. 23-CV-06639-BLF, 2024 WL 3646949 (N.D. Cal. Aug. 2, 2024) ........................................3, 4, 6

*Fletcher v. Foley*,
Nos. 24-4674, 24-4752, Mem. Disp. (9th Cir. Nov. 3, 2025)..............6

*Mpoyo v. Litton Electro-Optical Sys.*,
430 F.3d 985 (9th Cir. 2005)....................................................6, 7

**Statutes**

California Code of Civil Procedure § 340.16 ..................... 1, 2, 3, 4, 5, 6

Code of Civil Procedure § 361 ........................................................2

**Court Rules**

Rule 12(b)(6) ............................................................................8

USSS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court has permitted briefing on two issues: (a) recent caselaw relating to California Code of Civil Procedure Section 340.16; and (b) whether it has pendent personal jurisdiction over Counts One, Two, Five, Six, Seven, Eighteen, and Nineteen as against USSS. As set forth below, recent caselaw confirms that Plaintiffs' claims against USSS cannot be revived by Section 340.16. Further, the Court should not exercise pendent personal jurisdiction over Counts One, Two, Eighteen, or Nineteen against USSS.

**I.    Recent caselaw confirms that Plaintiffs' claims against USSS cannot be revived under Section 340.16.**

Recent caselaw addressing Code of Civil Procedure Section 340.16 supports the arguments made in the USSS motion to dismiss in two primary ways. ECF 122. First, a recent case confirms that Section 340.16 does not revive claims by non-California residents arising from out-of-state sexual assaults. Second, another case confirms that, in order to revive claims against an entity, a plaintiff must allege facts showing a "cover-up" that consist of conscious conduct by a responsible entity intended to hide evidence of a sexual assault that predates a plaintiff's own alleged assault.

**A.    *Anya Roberts* confirms that non-California plaintiffs cannot use Section 340.16 to revive claims arising from out-of-state sexual assaults.**

A recent decision confirms that Section 340.16 does not furnish non-California plaintiffs with a revival statute for stale claims arising from sexual assaults that occurred elsewhere. In *Anya Roberts v. eXp Realty, LLC*, the court held that where the plaintiff was a Florida resident, the defendant was an Arizona resident, and the alleged assault occurred in Mexico, the plaintiff "may only bring this lawsuit in California if permitted under the laws of Mexico," and thus dismissed the plaintiff's tort claims (for sexual battery, civil battery, and

USSS'S SUPPLEMENTAL BRIEFING IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT

intentional infliction of emotional distress) as untimely under the two-year statute of limitations under Mexican law for those tort claims. No. 2:23-cv-10492-AB-AGR, 2025 WL 4036423, at *2–3 (C.D. Cal. May 2, 2025). In reaching that conclusion, the court emphasized that "not all claims are revivable under the California statute, namely the claims brought by non-California residents for conduct that occurred outside of California and involving non-California defendants." *Id.* at *2 (citing *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1189 (9th Cir. 2009) (non-residents "certainly should not be permitted to take advantage of the state's tolling doctrine" as "California allows only its citizens to utilize this advantageous statute of limitations provision")).

In short, where the plaintiff is not a California citizen and the claim arises from an alleged sexual assault that occurred outside California, Section 340.16 does not displace the threshold requirement under California's borrowing statute (Code of Civil Procedure Section 361) that the claim must be timely where it arose. The *Anya Roberts* decision cites a prior 2024 decision in the same case, which explains that this principle applies to the attempted revival of claims against entities under Section 340.16. *Acevedo v. eXp Realty, LLC*, No. 2:23-cv-01304-AB-AGR, 2024 WL 650189, at *25–31 (C.D. Cal. Jan. 29, 2024). In *Acevedo,* the court held that Section 340.16 revived certain claims against a perpetrator of sexual assault and others where the assaults took place in California or the victim was a California citizen. However, where a non-California plaintiff sued both the perpetrator and an allegedly responsible entity in California for claims arising out of a sexual assault in Nevada, the court looked first to Nevada's timeliness/revival law, not California's, then analyzed claim-by-claim whether Nevada law revived the particular cause of action asserted against the particular defendant. *Id.* The court found that Nevada law revived sexual assault claims only against perpetrators, so the court dismissed claims against the remaining defendants that

2

arose from the sexual assault. *Id.*

The recent *eXp Realty* cases confirm that the claims brought by both Alaska Plaintiffs (Fletcher and Chythlook-Sifsof) against USSS are time-barred. Fletcher and Chythlook both concede that all of their claims against USSS, including "negligence, negligent supervision/retention, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, and unjust enrichment", all "arise out of Plaintiffs' sexual assaults." *See* ECF 127 at 28:18–21. Fletcher's claims against USSS thus "arise out of" her alleged sexual assault in Nevada. *See* ECF 111 at 60–88. As explained in *Acevedo*, Nevada law revives claims only against perpetrators of sexual assault. Fletcher's claims against USSS are time-barred in Nevada and therefore cannot be revived by Section 340.16. Similarly, as explained in USSS's briefing, Chythlook-Sifsof's claims, which she alleges "arise out of" her sexual assault in Switzerland, are barred by the Swiss statutes of limitations and thus cannot be revived by Section 340.16 (or any other California revival statute). Moreover, Chythlook-Sifsof's claim under Section 340.16 (Count Seven) is facially deficient, as it applies only to "Action for damages suffered as result of sexual assault that occurred on or after plaintiff's 18th birthday" and she alleges that she was assaulted in 2005, when she was sixteen. *See* ECF 111 ¶¶ 158–60.[1]

**B.    *Dutrisac* confirms that to allege a "cover up," courts require allegations of conduct predating plaintiff's own assault showing a concerted effort to hide evidence of a prior assault.**

In *Dutrisac v. STMicrolectronics*, the court dismissed a plaintiff's sexual

---

[1] O'Malley, who alleges that Foley tried to kiss and grope her in an elevator at an unspecified time and place, alleges that she was a California citizen. However, O'Malley does not allege facts showing "sexual assault" as defined in Section 340.16 (she does not allege the assault took place in California or that it meets the elements of any of the predicate criminal offenses listed in Section 340.16) and her claims are otherwise time-barred for the reasons set forth in USSS's briefing.

3

USSS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

assault claims against her employer as time-barred under Section 340.16 because she did not allege facts sufficient to show a cover-up under Section 340.16. No. 23-CV-06639-BLF, 2024 WL 3646949, at *13 (N.D. Cal. Aug. 2, 2024). There, the plaintiff alleged that after her supervisor sexually assaulted her, she reported the assaults to the head of human resources and to her manager. *Id.* The company required her to continue working with the supervisor who assaulted her, work was taken away from her, and she was ultimately fired in retaliation for reporting the assault. *Id.* She contended that the company "had a longstanding culture of enabling sexual assaults, protecting perpetrators, and retaliating against employees who reported sexual assaults," but did not allege any sexual assaults preceding her own. *Id.*

The court held that, under Section 340.16, the plaintiff could not hold the company liable based upon allegations that it had "covered up" *her own* assault. Rather, "cover-up" conduct must predate the assault from which a Section 340.16 claim arises. *Id.* "The California Court of Appeal . . . interpreted the cover up provision to require allegations that 'the relevant entity's 'cover up' ... predated her alleged assault.'" *Id.* (citing *Jane Doe #21(S.H.) v. CFR Enterprises, Inc.*, 93 Cal.App.5th 1199, 1211 (2023) ("The plaintiffs ... do not point us to any allegation of a cover up that clearly predated a plaintiff's alleged assault.")).

Moreover, the court confirmed that a plaintiff must plead facts specific to the "cover-up" requirements of Section 340.16, and other wrongful conduct like retaliation does not fit those requirements. *Id.* The court confirmed that Section 340.16 requires a plaintiff to plead facts showing (1) "a concerted effort" (2) "to hide evidence relating to a sexual assault that incentivizes individuals to remain silent." *Id.* at *12. In order to plead a "concerted effort," a plaintiff must plead facts showing "conscious exertion by two or more people." *Id.* at *13. The plaintiff must also plead facts showing "efforts to encourage [the prior victim] to remain silent or

4

to prevent information related to the . . . alleged assault from becoming public." *Id*. Neither requirement was met in *Dutrisac*, as retaliation after an assault (in the form of loss of work and termination) did not meet the statutory definition of a coverup. *Id*. (distinguishing *Acevedo*, which involved "allegations of nondisclosure agreements referring to incidents that predated the plaintiffs' alleged assaults.").

Like the plaintiff in *Dutrisac*, Plaintiffs here rely entirely on allegations of conduct postdating their own alleged assaults and do not allege any concerted effort to hide evidence of a prior sexual assault. Plaintiffs rely on the following allegations: "Forster and Ashley turned a blind eye to Foley's ongoing sexual abuse and aided in the toxic Team culture; Pitt provided false reporting information; Kosglow interfered with the ongoing Foley investigation that SafeSport has sanctioned her for; and Goldschmidt discouraged Plaintiffs from reporting . . .." ECF 127 at 27:1–13. All of the alleged conduct by Pitt, Kosglow, and Goldschmidt occurred in 2022—many years *after* all of the Plaintiffs' alleged assaults and is therefore irrelevant under Section 340.16. *See* ECF 111 ¶¶ 209–10, 212, 214–15, 247–49.

With respect to Forster and Ashley, Plaintiffs do not allege facts showing that they even *knew of any sexual assault*, much less an assault preceding Plaintiffs' own alleged assaults. Plaintiffs allege only that Ashley and Forster often attended team outings and that at team outings Foley made inappropriate comments and "would creepily watch young women." ECF 111 ¶ 104. From this, they conclude these USSS agents somehow "should have known" about some unspecified criminal sexual assault. *Id*. ¶ 64. Even if that unwarranted conclusion was a reasonable inference, constructive knowledge simply cannot support a Section 340.16 cover-up. Without *actual* knowledge of an assault, Ashley and Forster could not have engaged in a concerted effort, or "conscious exertion," to hide evidence of any such assault. Indeed, Plaintiffs do not allege that either

5

Ashley or Forster made any effort at all to hide evidence of any sexual assault. They allege only that Ashley did not report sexual abuse to SafeSport or ask SafeSport for advice "on how to handle red flags for sexual abuse"—but SafeSport was created in 2017, long after Plaintiffs' alleged assaults. *Id.* ¶¶ 197, 205. Even the conclusory allegation against Forster is that he "turned a blind eye to Foley's ongoing sexual abuse" (although there are no facts suggesting that he even knew of any such abuse), not that he made efforts to hide evidence of sexual assault. *Id.* ¶ 187. As confirmed in the recent *Dutrisac* case, these allegations simply cannot establish a "cover-up" sufficient to revive claims against USSS under Section 340.16.

## II. The Court should decline to exercise pendent personal jurisdiction over Counts One, Two, Eighteen, and Nineteen against USSS.

The Ninth Circuit restored specific personal jurisdiction over USSS only as to the narrow tort claims for negligence (Count Thirteen), negligent supervision (Count Fourteen), intentional infliction of emotional distress (Count Fifteen) and negligent infliction of emotional distress (Count Sixteen), and remanded for this Court to decide whether it "may exercise pendent personal jurisdiction over any remaining claims that arise out of the same common nucleus of operative facts as the claim for which jurisdiction exists." *Fletcher v. Foley*, Nos. 24-4674, 24-4752, Mem. Disp. at 8–9 (9th Cir. Nov. 3, 2025). Pendent personal jurisdiction is narrow, discretionary, and claim-specific. Personal jurisdiction "must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.,* 368 F.3d 1174, 1180 (9th Cir. 2004). A court may extend jurisdiction to an additional claim only if that claim arises from the same "common nucleus of operative facts," meaning the same set of facts that could conveniently be tried together. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1115 (9th Cir. 2004); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

6

That standard is not met here.

The claims against USSS that remain outside the Ninth Circuit's direct specific-jurisdiction holding are the broader claims for civil RICO (Counts One), RICO Conspiracy (Count Two), Fletcher Sexual Assault (Count Five), O'Malley Sexual Assault (Count Six), Chythlook-Sifsof Sexual Assault (Count Seven), Breach of Contract (Count Eighteen), and Unjust Enrichment (Count Nineteen). ECF 111 ¶¶ 273–307, 325–58, 458–70. While the individual sexual assault claims (Counts Five, Six and Seven) may arise from the same common nucleus of operative fact as the Plaintiffs' other tort claims, the RICO, contract, and unjust enrichment claims are broader, different, and would substantially expand this case beyond the claims the Ninth Circuit actually restored. *See generally id.* at ¶¶ 273–307, 325–58, 458–70.

The RICO counts require Plaintiffs to prove a distinct enterprise, a pattern of racketeering activity, multiple predicate offenses, and injury to "business or property." *Id.* at ¶¶ 273–307. That is a different case than the negligence-based tort claims arising from specific incidents of alleged sexual assault over which the Court has jurisdiction. The RICO counts sweep in decades of alleged nationwide and international conduct, different actors, different elements, different causation theories, and different damages. Under *Mpoyo*, those are not the same operative facts and do not form the same trial unit. 430 F.3d at 987. The Court should decline pendent personal jurisdiction over Counts One and Two.

Count Eighteen should be excluded as well. It is a contract claim based on an alleged USOPC-USSS agreement, Plaintiffs' claimed third-party-beneficiary status, and alleged breaches of bylaws and governance documents. ECF 111 ¶¶ 458–65. That is a governance dispute, not a California tort dispute. Count Eighteen does not arise from the same operative facts as the restored tort claims and should be excluded.

USSS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

Count Nineteen should be excluded for the same reason. It seeks restitution and disgorgement of revenues allegedly derived from Plaintiffs' athletic performance. *Id.* at ¶¶ 466–70. That claim turns on entirely different proof: what benefits USSS allegedly received, whether retention of those benefits was unjust, and what restitutionary measure would apply. It is an economic-restoration theory, not a California-linked negligence or emotional-distress theory. It therefore falls outside any proper common nucleus and should not be brought in through pendent personal jurisdiction.

Even if the Court finds some factual overlap with respect to these claims, it should still decline pendent personal jurisdiction in its discretion. *Action Embroidery* makes clear that the doctrine exists to promote efficiency, not to invite forum overreach. 368 F.3d at 1181. Exercising pendent personal jurisdiction here would not streamline this case. It would transform a narrow tort dispute arising from specific alleged assaults into a sprawling RICO, contract, and restitution case involving different events, different actors, different proof, and a far broader time period and geography. That is not judicial economy. It is precisely what the common-nucleus limitation is designed to prevent.

The Court should therefore decline pendent personal jurisdiction over Counts One, Two, Eighteen, and Nineteen as against USSS. And because those claims independently fail for the reasons set forth in USSS's Rule 12(b)(6) motion, the SAC should be dismissed against USSS with prejudice.[2]

---

[2] The court has limited the parties to only providing cases relating to Section 340.16. However, the case law has continued to evolve with respect to the remaining claims as well, including particularly, Plaintiffs' RICO claim, which is undermined further by *Loomer v. Zuckerberg*, No. 23-3158, 2025 WL 927186, at *2 (9th Cir. Mar. 27, 2025), *cert. denied,* 146 S. Ct. 272, 223 L. Ed. 2d 109 (2025) (affirming dismissal of RICO claim where plaintiffs failed to plausibly allege the existence of an "enterprise" because the complaint relied on generalized allegations of a common purpose, conclusory assertions of an enterprise structure,

Dated: May 22, 2026

VENABLE LLP

By    */S/ Desirée F. Moore*
Desirée F. Moore
Abram I. Moore
Christina M. Nordsten

Attorneys for UNITED STATES SKI AND SNOWBOARD

and no facts establishing the enterprise's longevity).

9

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendant United States Ski and Snowboard, certifies that this brief does not exceed 10 pages, which complies with the limit set by court order dated May 6, 2026 (ECF 149).

Dated: May 22, 2026                          VENABLE LLP

By  */S/ Desirée F. Moore*
Desirée F. Moore

10